## Hampton v. Secretary of Revenue, Commonwealth of Pennsylvania

*Malcolm W. Berkowitz*, for appellant.

*Isadore H. Bellis*, for Secretary of Revenue.

SPORKIN, J., August 3, 1961.—

### Findings of Fact

1. Bobby Ray Hampton (hereafter referred to as appellant) is a duly licensed operator of a motor vehicle in the Commonwealth of Pennsylvania.

2. On February 28, 1961, the Secretary of Revenue of the Commonwealth of Pennsylvania received a record of proceedings indicating that appellant had been indicted in Philadelphia County on charges of burglary, larceny, conspiracy and receiving stolen goods;

480

at the time of trial the burglary, larceny and conspiracy charges were nolle prossed, appellant was found guilty of receiving stolen goods, and sentence was suspended and appellant placed on probation for one year.

3. On April 7, 1961, appellant received notice that the Secretary of Revenue suspended the motor vehicle operating privileges of appellant for a period of one year as of April 13, 1961.

4. The action taken by the Secretary of Revenue was based on section 618(a) (2) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §618(a) (2).

5. Appeal was taken and hearing de novo was had before us on June 28, 1961.

6. At the hearing de novo, no oral evidence was offered, but, in lieu thereof, the attorney representing the Commonwealth and the attorney for appellant stipulated that on December 6, 1960, appellant drove an automobile in the City of Philadelphia, accompanied by another person, who, after rifling another automobile, placed the stolen articles in the automobile driven by appellant; appellant and the other party were apprehended and indicted upon the four charges hereinabove referred to. . . .

### Conclusions of Law

1. The Secretary of Revenue, under the provisions of section 618(a) (2) "may suspend the operating privilege of any person, with or without a hearing, before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person . . . was found guilty by a judge or jury . . . that such person has been convicted of a misdemeanor . . . in the commission of which a motor vehicle . . . was used."

2. The record of the proceedings in which appellant was found guilty of committing a crime in which a motor vehicle was used, justified the Secretary of Reve-

nue in suspending the motor vehicle privileges of appellant.

### Discussion

On the stipulated facts of this case, appellant was the operator of a motor vehicle which carried stolen articles. The question before us is whether appellant was convicted of a crime, in the commission of which a motor vehicle was used. We conclude that appellant used an automobile during the commission of a crime: Malloy License, 81 D. & C. 422 (1951).

The case of Dieter License, 76 D. & C. 181 (1951), upon which appellant relies, is distinguishable and, therefore, not pertinent to the case before us. In that case, Dieter was riding as a passenger in an automobile operated by another who was allegedly intoxicated. The machine was stopped by an officer who requested the driver to get into the policeman's car; the driver complied but Dieter interfered and engaged in an altercation with the police officer. Dieter was convicted of the misdemeanor of obstructing an officer in making an arrest. The court properly held that the misdemeanor had no connection with the operation of the automobile.

We, therefore, enter the following

### Order

And now, to wit August 3, 1961, the within appeal is dismissed and the order of the Secretary of Revenue suspending the motor vehicle operating license of Bobby Ray Hampton for a period of one year, is hereby sustained.