Liska License

*Michael Halliday,* for Commonwealth.

*Henry Moore,* for appellant.

McKAY, J., January 2, 1962.—Appellant challenges the action of the Secretary of Revenue in suspending his motor vehicle privileges for a period of one year effective November 16, 1961. At the hearing held December 21, 1961, the Commonwealth proved the following facts.

At no. 136 June term, 1961, in the Court of Quarter Sessions of Mercer County, appellant was bound over to court on a charge of furnishing intoxicating liquors to minors, and at no. 137 June term, 1961, on the charge of corrupting the morals of one Sandra Bortz, a minor of the age of 14, by showing her obscene pictures. The two cases were merged in a single indictment in which the charge of furnishing liquor was the subject of the first count and the charge of showing obscene photographs to a minor the subject of the second count. Defendant pleaded guilty to the second count only, and on December 12, 1961, was sentenced to the Allegheny County Work House.

While the second count of the indictment did not allege that the act of showing obscene photographs occurred in a parked automobile, the information did.

Further, Corporal William S. O'Brien, a State policeman, testified that he had investigated the case at its inception, and that defendant had admitted to him that he had shown obscene photographs to the Bortz girl while they were parked in an automobile along the Airport Road which leads from Route 58 in Pine Township, which is a couple of miles from the Borough of Grove City.

No question is raised that the photographs were obscene or that they were shown to the Bortz girl while in the parked vehicle. Appellant rests his appeal upon legal questions.

The first is that the notice of suspension lists as the reason for withdrawal "misdemeanor in connection with the use of a motor vehicle, Section 618 (b) (2)". Appellant contends that section 618 (b) (2) of The Vehicle Code of April 29, 1959, P. L. 58, permits a suspension of motor vehicle privileges only after a hearing before the Secretary of Revenue has been held, and that since he was not afforded a hearing in this instance, the suspension order should be reversed.

Section 618 of The Vehicle Code (75 PS §618), reads as follows:

"(b) The secretary may suspend the operator's license ... of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:

"(2) That such person his committed any violation of the laws of this Commonwealth relating to vehicles or tractors:"

Section 618 (a) reads:

"The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty . . . or whenever the secretary finds upon sufficient evidence:

"(2) That such person has been convicted of a misdemeanor ... in the commission of which a motor vehicle ... was used."

In the instant case, appellant was not charged with any violation of the laws relating to motor vehicles. Instead, he was convicted (by his plea of guilty) of a misdemeanor in the commission of which a motor vehicle was used. It is apparent that if the present suspension is to be sustained, it can only be under section 618 (a) (2), and that section 618 (b) (2) is not applicable.

If the notice of withdrawal merely specified as the reason for withdrawal the words "Section 618 (b) (2)", it could not be sustained under the evidence. However, it specifies that the reason is "misdemeanor in connection with the use of a motor vehicle, Section 618 (b) (2)".

It is obvious that (a) was intended instead of (b), that the reason for withdrawal itself is not only appropriate but is sufficiently set forth; and that the use of (b) instead of (a) is an inadvertent error.

Appellant next contends that merely sitting in an automobile while showing obscene pictures to a minor does not necessarily involve the use of a motor vehicle. We do not agree. Appellant is 32 years old and the minor child a 14 year old girl. The offense was committed in the country two miles from the borough where they resided. The use of the automobile was necessary in order to transport the minor to the secluded place where appellant could commit the misdemeanor without observation by others and possible detection. Apart from that consideration it will be noted that the statute does not require that the use of a motor vehicle be *necessary* for the commission of the offense; it is sufficient that the vehicle was used in the commission.

Appellant next contends that the indictment does not specify that a motor vehicle was involved in the violation. This necessary fact, however, was supplied by the testimony of Corporal O'Brien and appellant's admission on the stand.

Finally, appellant contends that the suspension for one year is excessive, under the circumstances, and that undue hardship would result to appellant from the suspension due to the fact that he is required to drive two miles from his home to his place of employment and seven or eight miles to deliver groceries and other necessities to his wife's parents who live at Slippery Rock, Pennsylvania, in Butler County.

However, appellant admitted at the hearing that his wife has an operator's license. There appears to be no reason why she could not drive him to work or on the other errands when transportation is necessary. Apart from that, it has been repeatedly held by the appellate courts that mere hardship is not a ground for reversing an order of suspension.

Accordingly, it is our opinion that the appeal is without merit and must be dismissed.

### Order

Now, January 2, 1962, it is ordered that the appeal of John Liska from the withdrawal of his motor vehicle privileges is dismissed.

### Exception

Now, January 2, 1962, the above named appellant excepts to the above order and an exception is sealed.