## Krajacic License

*Sanford S. Finder,* for appellant.
*George B. Stegenga,* for Commonwealth.

McCune, J., March 20, 1964.—This case comes before the court on an appeal from the suspension of the operator's license of Anthony James Krajacic. The suspension is for one year and resulted from a plea of nollo contendere by appellant, then defendant, to a charge of receiving stolen property at Q. S., September sessions, 1963, no. 97.

It is the duty of this court to hear the matter de novo and make such findings of fact as may be required and to determine whether or not the license should be suspended. See Commonwealth v. Emerick, 373 Pa. 388.

From the testimony introduced by the Commonwealth on March 18, 1964, the following facts appear:

1. Appellant owns a garage in which he permitted two men to store a stolen automobile. As one result of the investigation made of the theft, defendant was charged with receiving stolen property. He plead nolo contendere to this charge at Q. S., September sessions, 1963, no. 97.

2. Appellant did not use the stolen automobile, i.e., he did not drive it in any way. He merely furnished

storage for it. The thieves brought it to his garage where it stayed.

Under section 618(a)2 of the Act of April 29, 1959, P. L. 58, as amended, the Secretary of Revenue suspended the license in question. This section of The Vehicle Code states that the Secretary may suspend the operating privileges of a person who has been convicted of a misdemeanor in the commission of which a motor vehicle *was used*. (Italics supplied.)

Defendant introduced no testimony electing to move that the appeal be sustained.

### Discussion

It is apparent that the Secretary has improperly applied the above section of The Vehicle Code to this appellant. Although appellant plead nolo contendere to a charge of receiving stolen property, which is in truth a felony, and while the goods received constituted an automobile, appellant did not use the automobile as such machine is intended to be used.

We take it to be the policy of the legislature to discourage unsafe conduct on the highways. The legislature has permitted the Secretary broad discretion to further this policy but the act does not contemplate depriving one of his license because he has stored a stolen automobile. If one uses an automobile in the commission of a crime, he is improperly using it; he is probably using it in an unsafe manner and in any event he is not a fit person to be licensed, but storage of the automobile would be irrelevant to the policy of the legislature. In support of this view see Dieter License, 76 D. & C. 181.

We therefore make this order:

### Order

And now, March 20, 1964, the within appeal is sustained and the Secretary of Revenue is ordered to restore the operator's license of Anthony James Krajacic.