## Creasy License

*Nickolas Piazza,* for appellant.

*Robert E. Bull,* for Commonwealth.

KREISHER, P. J., August 17, 1970.—This case involves an appeal from an order of the Secretary of Revenue suspending appellant's driver's license for a period of one year because he pleaded and was sentenced for a misdemeanor which involved the use of an automobile.

The prayer of the petition requests the appeal be heard "in accordance with the provisions of Section 1401(b) of the Act of 1959, April 29th, P. L. 58, as amended, and that all proceedings be stayed in the meanwhile pending final determination of the matter."

The court made an order granting the appeal and that it act as a supersedeas. Hearing was held in open court and the matter is now before us for disposition.

At the outset, we point out that the basis for the action of the secretary is section 618(a)(2) of The Vehicle Code of April 29, 1959, P. L. 58, as amended January 8, 1960, P. L. (1959) 2118, and an appeal from this action is provided for in section 620 of the code.

The appeal provided in section 1401(b) is under the Vehicle Safety Responsibility portion of the code and relates to suspensions for failure to meet the security requirements following an accident. However, we conclude this purely technical misnomer is not fatal; therefore, we will consider the appeal as taken under the authority of section 620 of the code.

The Vehicle Code of April 29, 1959, P. L. 58, sec. 618(a)(2), 75 PS §618, provides:

(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

"(1) . . . —

"(2) That such person has been convicted of a misdemeanor, or has forfeited bail upon such a charge, in the commission of which a motor vehicle or tractor was used."

In the early morning hours of February 22, 1970, appellant was arrested for an alleged violation of subsection 1 of article IV, sec. 493 of the Liquor Code of

April 12, 1951, P. L. 90, as amended, 47 PS §4-493, which provides:

"It shall be unlawful . . .

"(1) For any licensee or the board, or any employee, servant, or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits."

Section 4-494 of said code provides, inter alia, that "Any person who shall violate any of the provisions of this article . . . shall be guilty of a misdemeanor . . . ."

On March 16th, 1970, appellant entered his plea of guilty to said charge and was duly sentenced. Thereafter, the prothonotary forwarded an abstract of the court record to the Secretary of Revenue and on April 15th appellant was notified by the Commissioner of Traffic Safety on behalf of the said secretary that his motor vehicle privileges were withdrawn effective April 17th for a period of one year because of his plea to a misdemeanor which involved the use of a motor vehicle.

On April 20th, the above-captioned appeal was filed and the court fixed a hearing de novo thereon for June 22nd and ordered that the appeal operate as a supersedeas. The matter is now before the court for disposition.

The arresting officer testified he observed appellant drive his car with two juveniles as passengers to a licensed establishment where he parked and purchased a six pack of beer. He placed the beer in the car and started on his way when the officer stopped him and interrogated him and the passengers. The boys admitted having had some beer previously in a

friend's home to which they were returning, but denied any drinking in the car.

The petition for appeal alleges that an injustice has been done appellant by said order "because it is based on a mistaken premise that your petitioner used his motor vehicle in connection with the misdemeanor to which he pleaded guilty."

Appellant testified that all drinking was confined to the kitchen and that no drinking was done in his car, that he understood his plea to furnishing brewed beverages to minors took place in the kitchen and that his car was not involved in the violation.

In appeals of this nature, the cases clearly indicate that the matter is before the court de novo, and it is for the court to determine anew from the evidence produced before it whether or not the action of the secretary amounts to an abuse of discretion or is lawfully authorized.

It is apparent from this section of the code that the legislature intended that one who engages in unlawful conduct which involves the operation of a motor vehicle shall be subject to suspension of his operator's privilege.

The cases on the subject generally require that the misdemeanor referred to in this section must have some reasonable relation to the operation of the motor vehicle, and the use of the motor vehicle must contribute in some reasonable degree as opposed to being merely incidental to the commission of the crime.

The reported cases holding a suspension justified under section 618(a)(2) reveal that the commission of the crime took place in the vehicle. In Commonwealth v. Amsley, 12 Cumberland 106, the operator pleaded guilty to contributing to the delinquency of a minor when he used his car to transport a female child to the scene of an act of intercourse which was

consummated in the car. In Hampton v. Secretary of Revenue, 26 D. & C. 2d 479, the operator was transporting stolen goods in his car when arrested and subsequently convicted of the crime of receiving stolen property. In Commonwealth v. Johnson, 16 Chester 275, the order of suspension was reversed where the owner of the vehicle was arrested for defaced serial numbers even though it was incapable of operation. The court held said section of the code empowers to suspend only where the convictions arises from an illegal "use" of the vehicle.

The commission of a crime involves the doing of an act which by law is made criminal. To do or perpetrate a criminal act presupposes both a start and a finish of the alleged criminal conduct; therefore, the time element becomes an important factor in the determination of the commission of the alleged criminal conduct and as to whether or not the "use" of a motor vehicle was involved in the criminal conduct giving rise to the prosecution.

Under section 618(a)(2), no departmental hearing is required for the action of the secretary; therefore, the action is based upon the bare record as received by the department from the prothonotary. On appeal, the court is required to reexamine the facts and make an independent adjudication of the case.

The prosecution in this case was based solely upon the fact that appellant furnished the minors beer in the kitchen of a friend's home quite some period of time before the arrest was actually made. The beer which was being transported at the time of the arrest was not used in the commission of the crime. Appellant is over 21 years of age, so he was legally within his rights in purchasing and transporting beer in his car; therefore, it seems logical to conclude there was no illegal use of the car in the commission of this crime. What may have been appellant's intentions or

what might have happened had the officer not intervened is not a matter before the court. We are not permitted to guess; we are bound by the facts. Mere suspicion or conjecture is insufficient to warrant the extreme penalty of one year's suspension. If a departmental hearing had been held, we believe the secretary would have found that no operation or use of appellant's motor vehicle was involved in the crime to which appellant pleaded.

## ORDER

And now, to wit, August 17, 1970, it is ordered and decreed that the appeal of Albert Thomas Creasy be and the same is hereby sustained and the Secretary of Revenue is hereby ordered to restore appellant's operating privileges forthwith. Exception noted. Costs to be paid by appellant.