## Commonwealth of Pennsylvania v. Robert Frank Milspaw.

Argued March 8, 1971, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Clarence A. Crumrine,* with him *Stephen D. Marriner,* and *McCreight, Marriner & McCreight,* for appellee.

PER CURIAM OPINION, March 9, 1971:

This case involves an appeal from an Order of the Court of Common Pleas of Washington County, dated November 2, 1970. This order sustained the appeal of Robert Frank Milspaw (appellee) from the findings of the Secretary of Revenue (now called Secretary of Transportation) suspending appellee's operator's license for a period of three months.

The Vehicle Code (Act of August 6, 1963, P. L. 509, as amended, 75 P.S. 620), provides that the Courts of Common Pleas, in appeals arising from the suspension of operator's licenses, are directed to hear such cases *de novo.* The Common Pleas judge has the duty to make findings of fact sufficient to support the Order of Court. *Commonwealth of Pennsylvania v. Jerry M.*

*Royer,* 213 Pa. Super. 17, 245 A. 2d 716 (1968), *Hand-werk Appeal,* 348 Pa. 263, 35 A. 2d 289 (1944), *Commonwealth v. Wagner,* 364 Pa. 566, 73 A. 2d 676 (1950).

In the instant case the Judge failed to make findings of fact, and it is therefore not possible for an appellate court to review the resultant order. When the proper procedure is not followed, the matter should be remanded so that the court below may discharge its responsibility. *Commonwealth v. Strobel,* 375 Pa. 292, 100 A. 2d 43 (1953), *Commonwealth v. Strobel,* 378 Pa. 84, 105 A. 2d 152 (1954).

Furthermore, the rather incredible time sequence and surrounding circumstances as alleged by the appellant necessitates definitive and clear findings of fact. The failure on the part of the Judge below to so comport requires us to remand.

Therefore, in keeping with this opinion we issue the following

## ORDER

AND Now, March 9, 1971, this case is remanded to the Court of Common Pleas of Washington County for disposition in accordance with the above opinion.