MacPHAIL, P. J.,
— In this case defendant and a codefendant entered pleas of nolo con *671 tendere to two separate indictments, each charging both defendants with the commission of the crimes of burglary and larceny. Defendants were subsequently sentenced by the court. Thereafter, the clerk of courts certified the records in both cases to the Bureau of Traffic Safety whereupon the Secretary of Revenue entered an order revoking the driving privileges of defendant-petitioner herein for one year pursuant to the provisions of 616(a)(2) of The Vehicle Code, 75 PS §616.
There is now a petition before the court on behalf of defendant to recall the certification of the clerk of the courts. A rule was issued upon the Commonwealth, an answer filed thereto and a hearing held. Legal arguments were also heard.
From the pleadings and the testimony, the following factual situation seems very clear. Defendant and codefendant burglared two business places on two different dates. On both occasions, a motor vehicle was used getting to the scene of the crime and departing therefrom. Defendant-petitioner was neither the operator nor the owner of the vehicle used in either of the cases. The operating privileges of the codefendant, who was the operator of the vehicle in both instances, have been suspended under the provisions of section 616(a)(2) of The Vehicle Code.
Several issues are raised by petitioner, the principal one being that since petitioner was neither the operator nor the owner of the vehicles involved, section 616(a)(2) does not apply. A related question raised by defendant is whether the vehicle was really “used” in the commission of these crimes within the meaning of the statutory prohibition. A third issue is whether the indictment or information (complaint) must specify that a motor vehicle was used in the commission of the felonies before the provisions of *672 section 616 become applicable. One final issue, not raised by either party, is whether a petition to recall is the proper procedure to bring this matter before the court. Because of our findings on the merits of the petition, we will not reach the procedural matter.
In the court’s opinion, the most troublesome question is whether a defendant, who is neither the operator nor the owner of the vehicle involved, is subject to the revocation provisions of section 616. Section 616(a) provides, in pertinent part:
“Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere . . . (of) any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person . . . Bases requiring such certification follow: ... (2) Any crime punishable as a felony under the motor vehicle or tractor laws of this Commonwealth, or any other felony in the commission of which a motor vehicle or tractor is used." (Italics supplied.)
No appellate cases have been cited for us nor has our research disclosed any controlling case law on this specific issue.
In Commonwealth v. Goodyear, 6 Adams 21 (1964), the Franklin County court held, in construing section 618(a)(2), requiring the suspension of operating privileges where defendant has pled guilty, etc., to a misdemeanor in the commission of which a motor vehicle was used, that a passenger in an automobile used in the commission of a misdemeanor did come under the provisions of the statute. However, in Dieter License, 76 D. & C. 181 (1951), one of the reasons assigned by the Northampton County Court of Common Pleas for reversing an order of the De *673 partment of Revenue suspending defendant’s license under the provisions of section 618(a)(2) was that defendant did not operate the motor vehicle, but was merely a passenger therein. That court stated that the fact that defendant had an operator’s license had nothing to do with the offense of which he was convicted. The court said that since one of the purposes of issuing or suspending operator’s licenses is to insure the competency of operators of motor vehicles and the facts before the court did not demonstrate any circumstances which would involve that purpose, the secretary’s action was not justified.
We must respectfully disagree with the conclusion reached in the Dieter case, although it certainly rests upon sound logic. The plain words of the statute under which the suspension order was entered, however, makes no distinction between the operator and the passenger in a motor vehicle used in the commission of a crime. For the secretary to act under section 616(a)(2), three conditions must be present: (a) defendant must have pled guilty, entered a plea of nolo contendere, or have been found guilty of a crime specified in the section, (b) a motor vehicle must have been used in the commission of the crime and (c) a certificate of the record must be filed by the clerk of courts with the Department of Revenue. Where the words of the law are clear and free from all ambiguity, the letter of that law is not to be disregarded in pursuing the spirit thereof: Act of May 28, 1937, P. L. 1019, 46 PS §551. It is only when words of the law are not explicit that the court has the province of attempting to ascertain the intention of the legislature. We find no ambiguity in this statute and its meaning appears quite clear to us. Therefore, we are bound to apply the law as it is set forth. If defendant pleads guilty or enters a plea of *674 nolo contendere to a felony in which a motor vehicle is used, he is subject to the forfeiture of his operating privileges whether or not he was the operator of the motor vehicle involved.
Several lower courts have also construed the meaning of “used” as it pertains to the suspension privileges under section 618. Thus, on a conviction for obstructing an officer in making an arrest, it was held that an automobile was not “used”: Dieter License, supra. In Malloy License, 81 D. & C. 422 (1951), it was held that the crime committed had to have some “. . . reasonable relation to the operation of the motor vehicle and the use of the machine must contribute to some reasonable degree to the commission of the misdemeanor.” Section 616(a)(2) states that the crime must be a felony in the commission of which a motor vehicle is used. In the facts now before the court, a motor vehicle was used to get to and from the scene of the crime. We are satisfied that this is a “use” of an automobile within the purview of the statutory language.
There is no problem in disposing of defendant’s third contention that neither the information nor the indictment states that a motor vehicle was used in the commission of the crimes involved. In Smith Motor Vehicle Operator License Case, 209 Pa. Superior Ct. 487 (1967), it was held that the indictment need not state that a vehicle was used in the commission of the crime in order for the secretary to act under the provisions of section 616. It follows that if the indictment need not contain that allegation, neither need the information.
It appearing under the facts of this case that defendant did enter a plea of nolo contendere to a felony charge in which a motor vehicle was used, the clerk *675 of the courts acted properly in certifying the record to the Department of Revenue (now the Department of Transportation).
ORDER OF COURT
And now, May 10, 1971, for the foregoing reasons, the petition to recall the clerk’s certification is denied.