Commonwealth *v.* Critchfield.

Argued April 6, 1973, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Thomas A. Himler, Jr., John F. Kradel,* and *Kradel, Weppelman and Himler,* for appellee.

OPINION BY JUDGE BLATT, June 13, 1973:

Scott L. Critchfield (Critchfield) was convicted in the Court of Common Pleas of Westmoreland County

of public indecency in violation of Section 519 of The Penal Code, Act of June 24, 1939, P. L. 872, 18 P.S. §4519.[1] The fact of this conviction was reported by the Clerk of Courts of Westmoreland County to the State Bureau of Traffic Safety on a form provided by the Bureau for use when an individual has been convicted of a crime in which a motor vehicle has been used. Thereafter Critchfield's operator's license was suspended for one year pursuant to Section 618(a)(2) of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §618(a)(2), which provides:

"(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

. . . .

"(2) That such person has been convicted of a misdemeanor, or has forfeited bail upon such a charge, in the commission of which a motor vehicle or tractor was used."

Critchfield appealed this suspension, under the provisions of Section 620 of The Vehicle Code, 75 P.S. §620, to the Court of Common Pleas of Westmoreland County, which heard the case de novo. The attorney for the Commonwealth placed in the record the certification of Critchfield's conviction received from the Clerk of Courts and rested his case. Critchfield presented no evidence whatever on his own behalf. His attorney argued as a matter of law, however, that Critchfield could not be found to have used his motor vehicle in the commission of a misdemeanor. There was nothing in the

---

[1] Subsequently repealed by the Crimes Code, Act of December 6, 1972, P. L. , No. 334.

record at all to indicate what the actual circumstances of the crime were, including what use, if any, was made of the motor vehicle. The form submitted by the Clerk of Courts merely stated that Critchfield was convicted of public indecency, and the only indication deducible therefrom that a motor vehicle was used in the crime was that the form itself is the one prescribed for use by the Clerk of Courts in cases where a motor vehicle is used in the commission of a misdemeanor. Nor have the briefs filed by the parties in this appeal shed any further light on this matter. The lower court, however, sustained Critchfield's appeal and restored his operating privileges. Its short opinion and order, in which no findings of fact were included, stated, *inter alia*: "At the hearing held this Court, after having taken testimony, is of the opinion that the use of a motor vehicle was not an integral part of the crime of which the defendant was charged. The offense could have occurred without the use of an automobile."

Our scope of review in a case such as this, where the lower court has heard the case de novo, is to determine whether or not the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made. *Commonwealth v. Buffin*, 2 Pa. Commonwealth Ct. 404, 278 A. 2d 366 (1971). And, of course, in a motor vehicle case heard de novo, the hearing judge is required to make independent findings of fact and to exercise his discretion as to whether or not a suspension should properly be imposed. *Commonwealth v. Emerick*, 373 Pa. 388, 96 A. 2d 370 (1953). "[I]t is the duty of the court to determine anew from the testimony whether the license should be suspended. . . ." *Royer Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 17, 22, 245 A. 2d 716, 718 (1968). In such an appeal de novo, the Commonwealth has the burden of showing by a preponderance

of the evidence that there was a basis for the suspension. *Yockers v. Department of Transportation,* 4 Pa. Commonwealth Ct. 95, 285 A. 2d 893 (1972); *Royer, supra.*

This issue of law to be considered by a lower court, in deciding whether or not a license should be properly suspended pursuant to Section 618(a)(2) of The Vehicle Code, is not a novel one. This Court has stated: "The 'Misdemeanor,' of which The Vehicle Code speaks, and requires, is that which, in its commission, a 'motor vehicle or tractor' is employed as an integral part of the perpetration of an act of misdemeanor magnitude. The use of the 'motor vehicle or tractor' must be of such a nature and type that it be an integral part of the proscribed conduct." *Department of Transportation v. Bechtel,* 5 Pa. Commonwealth Ct. 621, 625, 290 A. 2d 713, 715 (1972). It has also been stated that: "The cases on the subject generally require that the misdemeanor . . . must have some reasonable relation to the operation of the motor vehicle, and the use of the motor vehicle must contribute in some reasonable degree as opposed to being merely incidental to the commission of the crime." *Creasy License,* 49 Pa. D. & C. 2d 775, 778 (1970). *See Krajacic License,* 34 Pa. D. & C. 2d 119 (1964); *Commonwealth v. Hill,* 29 Pa. D. & C. 2d 712 (1962); *Liska License,* 27 Pa. D. & C. 2d 208 (1962); *Hampton v. Secretary of Revenue,* 26 Pa. D. & C. 2d 479 (1961); *Dieter License,* 76 Pa. D. & C. 181 (1951).

Guided by the above principles, we believe it apparent that the essential question here was not, as the lower court stated, whether or not the "offense could have occurred without the use of an automobile," but whether or not the automobile was an integral element in, and contributed in some reasonable degree to, the commission of the crime.

Moreover, although the court below did not do so, it is incumbent upon the lower court, in a license suspension case heard de novo, to make specific findings of fact from the evidence adduced at the hearing. *Commonwealth v. Etzel*, 370 Pa. 253, 86 A. 2d 64 (1952). "[T]he Courts of Common Pleas, in appeals arising from suspensions of operators licenses are directed to hear such cases de novo. The Common Pleas Judge has the duty to make findings of fact sufficient to support the Order of Court. . . . When the proper procedure is not followed, the matter should be remanded so that the court below may discharge its responsibility." *In Re: Appeal of John Robert Horvath*, 1 Pa. Commonwealth Ct. 353, 355, 274 A. 2d 776, 777 (1971). *See Commonwealth v. McCartney*, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971); *Commonwealth v. Silverman*, 2 Pa. Commonwealth Ct. 538, 279 A. 2d 83 (1971); *Commonwealth v. Milspaw*, 1 Pa. Commonwealth Ct. 376, 274 A. 2d 777 (1971). The state of the record before us, therefore, compels a remand, for we cannot properly decide the ultimate issue of law involved, as stated above. Findings of fact are vital for our proper review of this case, and, of course, such findings must be made with the legal principles above stated in mind.

We remand the record to the court below, therefore, for further proceedings consistent with this opinion.