Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* George D. Denham, Appellee.

Argued February 8, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*J. Scott Maxwell,* with him *Hamburg, Rubin & Mullin, P. C.,* for appellee.

OPINION BY JUDGE KRAMER, March 29, 1974:

This is an appeal filed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety (Commonwealth) from an adjudication of the Court of Common Pleas of Bucks County dated August 23, 1973, in which the court held that the revocation of the motor vehicle operator's license of George D. Denham (Denham) was "not authorized by law."

The record shows that on or about June 20, 1972, Denham pleaded guilty to the criminal charge of receiving stolen goods. In his petition for appeal to the court below, Denham admitted that this criminal charge evolved out of his possession of a stolen 1970 Oldsmobile automobile. Thereafter the Bureau of Traffic Safety (Bureau) notified Denham of the revocation of his motor vehicle privileges for a period of one year, effective January 19, 1973, under the authority of Section 616(a)(2) of The Vehicle Code (Code), Act of April 29, 1959, P. L. 58, Section 616, *as amended,* 75 P.S. §616(a)(2). The record indicates that the Commonwealth, at the de novo hearing before the lower court, presented only the first five paragraphs of Denham's petition for appeal and six documents taken from the records of the Bureau, including the report of the Clerk of Court showing Denham's conviction. It is noteworthy that although the abovementioned report of the Clerk of Court indicates that Denham was convicted of the crime of receiving stolen goods, it in no

way indicates how a motor vehicle was used in that crime. The Commonwealth rested its case without presenting any witnesses. Denham testified that he had purchased the automobile at a tavern while intoxicated, and that the automobile had been delivered by the seller to his driveway. Denham also testified that he hadn't even been supplied with the keys for the automobile. The court below quite correctly found that there was no evidence in the record which would indicate that Denham, or anyone with authority from Denham, ever drove or operated the automobile in question. The court concluded that Denham had not "used" the vehicle in question within the intended meaning of the word in the statute and therefore in effect sustained Denham's appeal.

Our scope of review in a case such as this, where the court below has held a de novo hearing, is "to determine whether or not the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made." *Commonwealth v. Critchfield,* 9 Pa. Commonwealth Ct. 349, 352, 305 A. 2d 748, 749 (1973).

Section 616(a)(2) of the Code, 75 P.S. §616(a)(2), reads as follows:

"(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privileges of any such person:

. . . .

"(2) Any crime punishable as a felony under the motor vehicle or tractor laws of this Commonwealth, or any other felony *in the commission of which* a motor vehicle or tractor *is used.*" (Emphasis added.)

There is no dispute concerning the facts in this case. The sole question which has been presented to this Court on appeal is whether the motor vehicle, which was stolen and found in Denham's possession, was "used" within the meaning of Section 616(a)(2) of The Vehicle Code. In dealing with Section 618(a)(2), this Court has held that the use of the motor vehicle must be reasonably and integrally related to the proscribed conduct. *See Department of Transportation v. Bechtel*, 5 Pa. Commonwealth Ct. 621, 290 A. 2d 713 (1972). Section 618(a)(2) of the Code deals with license suspensions for misdemeanors but it is identical to Section 616(a)(2) insofar as it requires conviction of a crime "in the commission of which a motor vehicle or tractor was used." In *Bechtel*, we held that the supplying of false information to a state agency after an accident involving a motor vehicle was not such use of a motor vehicle as to come within the legislative intent of Section 618(a)(2). In *Commonwealth v. Critchfield, supra,* which also involved a license suspension pursuant to Section 618(a)(2), we stated that: " 'The cases on the subject generally require that the misdemeanor . . . must have some reasonable relation to the *operation* of the motor vehicle, and the *use* of the motor vehicle must contribute in some reasonable degree as opposed to being merely incidental to the commission of the crime.' Creasy License, 49 Pa. D. & C. 2d 775, 778 (1970)." (Emphasis added.) We then concluded: "Guided by the above principles, we believe it apparent that the essential question here was not, as the lower court stated, whether or not the 'offense could have occurred without the use of an automobile', but whether or not the automobile was an integral element in, and contributed in some reasonable degree to, the commission of the crime." 9 Pa. Commonwealth Ct. at 353, 305 A. 2d at 750. The issuance of a motor vehicle operator's license in this Commonwealth is a

privilege extended to its citizens by the Legislature. If a motor vehicle is used by a citizen to commit a crime, then it is entirely reasonable that the privilege should be restricted. However, the court below was not mandated to approve the revocation merely upon the Commonwealth's proof that a conviction of a felony had been reported to the Secretary of Transportation, but rather the court below was imposed with the duty to determine whether Denham should have his motor vehicle operator's license revoked because he used the subject automobile in the commission of the felony. Our review of the record and the applicable law permits us to conclude that the lower court did not abuse its discretion or commit an error of law in holding that Denham had not "used" a motor vehicle within the legislative intent of Section 616(a)(2). This is not to say that we condone Denham's conduct, even if it was due to intoxication. We agree with the Commonwealth's position that anyone found guilty of the crime of receiving a stolen automobile deserves to have his driving privileges revoked. However, if that is the desired result, then the Legislature should clearly define such action as coming within the purview of the Act.

We must affirm the order of the court below in vacating the revocation of the motor vehicle privileges of Denham.