Roger Jay Olin, Appellant, v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued December 5, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Edward F. Browne, Jr.,* for appellant.

*John L. Heaton, Assistant Attorney General,* with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, January 29, 1975:

On September 29, 1972, Roger Jay Olin entered a guilty plea in the Court of Common Pleas of Lancaster County to an indictment charging him with Public Indecency under Section 519 of the Penal Code, Act of June 24, 1939, P.L. 872, *as amended,* 18 P.S. §4519. Thereupon the Clerk of Courts of Lancaster County forwarded a certified record of the conviction to the Bureau of Traffic Safety (Bureau) which ordered that Olin's license be suspended for one year. The authority to do so derived from Section 618(a) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §618(a) which states:

"(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

. . . .

"(2) That such person has been convicted of a misdemeanor, or has forfeited bail upon such a charge, in the commission of which a motor vehicle or tractor was used."

Olin appealed to the Court of Common Pleas of York County where he resided and after a hearing, that court issued the following order:

"We believe that the issue presented in this case is whether a motor vehicle was used in some signifi-

cant, as opposed to an incidental, manner in connection with the misdemeanor which admittedly occurred. We do not accept the argument of defense counsel that the motor vehicle must be used in some essential integral manner. There is no doubt from the confession that the offense occurred, and we have the date and time. We have the officer's testimony relating to the use of a motor vehicle by the Defendant immediately thereafter, at the time he was ·apprehended. We have the fact and circumstances that this occurred in a parking lot, some distance from town. We think the record is sufficient to support the inference which we make and the conclusion which we reach that the automobile was, in fact, used. Having reached that point, we feel that the suspension, which we view as discretionary, was justified, and we overrule and dismiss the appeal."

Olin now appeals that order to this Court.

Our scope of review in a case such as this, where the court below has held a de novo hearing is to determine whether or not the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made. *Commonwealth v. Denham,* 12 Pa. Commonwealth Ct. 593, 317 A.2d 328 (1974).

The sole issue in this case is whether or not the misdemeanor of which Olin was convicted sufficiently involved the use of a motor vehicle within the meaning of Section 618 (a) (2) of The Vehicle Code. In *Department of Transportation v. Bechtel,* 5 Pa. Commonwealth Ct. 621, 625, 290 A.2d 713, 715 (1972) our Court interpreted the statute as follows: "The 'Misdemeanor' of which The Vehicle Code speaks, and requires, is that which, in its commission, a 'motor vehicle or tractor' is employed as an integral part of the perpetration of an act of misdemeanor magnitude. The use of the 'motor vehicle or tractor' must be of such a nature and type that it be an integral part of the proscribed conduct. For example,

the use of a 'getaway car' before or after a burglary would be an obvious integral part of a Penal Code crime."

In *Commonwealth v. Critchfield,* 9 Pa. Commonwealth Ct. 349, 305 A.2d 748 (1973), we again considered Section 618(a)(2) of The Vehicle Code and there we emphasized that the key inquiry is not "whether or not the 'offense could have occurred without the use of an automobile,' but whether or not the automobile was an integral element in, and contributed in some reasonable degree to, the commission of the crime." 9 Pa. Commonwealth Ct. at 353, 305 A.2d at 750.

The lower court erred, therefore, in stating that "(w)e do not accept the argument of defense counsel that the motor vehicle must be used in some essential integral manner." The cases indicate that a motor vehicle need not be essential to the commission of the misdemeanor but the vehicle must be an integral element in the commission thereof.

Nevertheless, and despite the lower court's inaccurate statement of the law, the facts as it found them necessitated that it reach the result that it did. The lower court referred to the testimony of a police officer (Officer Cummings) as supporting the inference that an automobile was used in the commission of the misdemeanor. Officer Cummings testified that on July 21, 1972, he received a call to report to the Dutch Wonderland in Lancaster County where he and another trooper were to investigate reported acts of public indecency by Olin. While the two policemen were making inquiries in the parking lot there, Olin, who had left the scene, returned in his car and was promptly arrested. Officer Cummings testified that he personally observed that "when the vehicle was stopped, Mr. Olin had his trousers unzippered, and they were hanging open." We hold that this uncontradicted testimony was sufficient for the court to draw the inference that the vehicle was used in the commission of the crime. Use of that vehicle was an integral

element in the crime where Olin committed acts of public indecency while occupying the vehicle or where he employed the vehicle to leave the scene of the crime.

Olin asserts that the officer's testimony relating to what certain witnesses to the crime told him was hearsay and should have been excluded. We believe that the admission of this hearsay evidence was harmless because the Bureau did not need to prove again that the crime had actually been committed. The conviction report, which was properly admitted, adequately established that. The Bureau needed only to show a sufficient connection between the crime and the use of a motor vehicle. Officer Cummings' personal observations to the effect that Olin was driving his car in a state of partial undress only shortly after his acts of public indecency were reported, sufficiently established that connection.

We wish to express our concern previously expressed in *Critchfield, supra,* that the lower court make specific findings of fact from the evidence adduced at the hearing. Although in this case we are able to determine from a reading of the order what facts the lower court found, we would much prefer, for purposes of review, numbered findings of fact which are labeled as such.

The order of the lower court is, therefore, affirmed.