### ORDER

### In re Lee

*Carl Vaccaro,* for Commonwealth.
*Francis R. Lord,* for appellant.

ECKELL, *J.,* December 29, 1977 — This matter comes before the court on the appeal of Francis X Lee, III, from the suspension of his operating privileges for a period of six months. The notice of Withdrawal of Motor Vehicle Privileges states as the reason: "As a result of your violation on 2-09-77 of violating Section 624.1(a)" (Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §624.1). Impliedly, the reason was refusal upon request to submit to a chemical test.

On appeals from suspension of operating privileges, the court has the duty to hear the case de novo and make findings of fact sufficient to support its order: Com. v. Milspaw, 1 Pa. Commonwealth Ct. 376, 274 A. 2d 777 (1971). Pursuant to this duty, the court finds the following facts in support of its order.

## FINDINGS OF FACT

1. Appellant resides at 101 W. Elkinton Avenue, Chester, Delaware County, Pa.

2. Appellant was arrested on February 9, 1977, in Middletown Township, Delaware County, by Trooper Clifton E. Phipps on a charge of violating section 1037 of The Vehicle Code, i.e., 75 P.S. §1037, operating a motor vehicle under the influence.

3. Appellant was taken to the Lima barracks of the state police in Delaware County, where after advice as to his rights to call a lawyer, he availed himself of that right.

4. Appellant was unsuccessful in his attempts to reach his lawyer.

5. While he was unsuccessfully trying to reach his lawyer, Trooper Phipps ascertained the breathalyzer at the local barracks was not working; and proceeded to drive appellant to the Philadelphia barracks of the state police at Belmont.

6. The period of time at the Lima barracks before leaving for Belmont was minimal.

7. While at the Belmont barracks, appellant was permitted to renew his attempts to contact his lawyer, which again were unsuccessful.

8. At no time did appellant refuse to take the proposed test.

9. The time periods utilized by appellant in an attempt to reach legal counsel were minimal and were not dilatory in any way.

10. Without specific request at Belmont barracks to halt his calls, appellant was advised that it was too late and taken back to the Lima barracks.

## DISCUSSION

The court was impressed that appellant was a credible witness. Whether there was a refusal to take the test ". . . is a factual, not a legal determination." Com. v. Miles, 8 Pa. Commonwealth Ct. 544, 304 A. 2d 704 (1973). The court finds no refusal by appellant to take the test. Had the trooper advised appellant of the importance of time in taking the test, and then appellant persisted in his wanting to make a phone call, this case might be on a different basis. Indeed, at least one hour's delay was occasioned in making the trip to Belmont barracks in

Philadelphia, where appellant renewed his efforts to reach his attorney. The trooper's comment "it is too late now" was the first indication to appellant that time was a factor in taking the test. Never was appellant advised that his attempts to contact counsel were impeding the testing as in fact they were not. The only impeding factor was the malfunctioning of the Lima equipment. The court finds no credible evidence to support a finding of appellant's refusal.

The court notes Com. v. O'Rourke, 25 Pa. Commonwealth Ct., 580, 361 A. 2d 496 (1976). The instant case is distinguishable in that appellant herein never refused the test and caused negligible delay in attempting to reach counsel.

Accordingly, we enter the following

### ORDER

And now, December 29, 1977, upon hearing in the above matter, it is hereby ordered and decreed that the appeal of Francis X. Lee, III, from the order of the Secretary of Transportation suspending his operators license be and the same is hereby sustained; and the operating privileges of Francis X. Lee, III, are hereby ordered restored.