Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Alan Scott Hull, Appellee.

Argued June 5, 1980, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Regis J. McCoy* and *John L. Heaton,* Assistant Attorneys General, *Robert W. Cunliffe,* Deputy Attorney General, *Gerald Gornish,* Acting Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*James F. Heinly, Morgan, Hallgren & Heinly,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 25, 1980:
The Pennsylvania Department of Transportation, Bureau of Traffic Safety appeals an order of the Court of Common Pleas of Lancaster County sustaining an appeal from a one-year license suspension effected under Section 618(a)(2) of The Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended,*

*formerly* 75 P.S. §618(a)(2),[1] repealed by the Act of June 17, 1976, P.L. 162. We reverse.

Appellee, Alan Scott Hull, entered a guilty plea to a misdemeanor charge of Theft of Movable Property by Unlawful Taking or Disposition[2] on January 25, 1977. The Lancaster County Clerk of Courts forwarded a certified record of the conviction to the Bureau of Traffic Safety, and appellee was notified of the suspension of his driving privilege. The instant suspension was the subject of a de novo hearing before the common pleas court on July 25, 1977.

The following findings of the lower court concisely summarize the pertinent facts surrounding the misdemeanor violation:

1. Alan Scott Hull was a passenger in a motor vehicle owned and operated by another person on the evening of October 28, 1976.

2. Alan Scott Hull exited from this motor vehicle when it stopped at the stop sign and took a camera from another vehicle which was parked along Landis Drive which is located in the City of Lancaster, Lancaster County, Pennsylvania.

3. After taking the camera from the seat of the unlocked truck which was parked on Landis Drive, Alan Scott Hull got back into Mr. Miley's car which then proceeded to drive away.

---

[1] Section 618(a)(2) of the Code provides in pertinent part: (a) The secretary may suspend the operating privilege of any person . . . upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

. . . .

(2) That such person has been convicted of a misdemeanor . . . in the commission of which a motor vehicle or tractor was used.

[2] Section 3921(a) of the Crimes Code, 18 Pa. C.S. §3921(a).

These facts are clear and uncontested. The trial court then went on to make what was characterized as a fourth finding of fact:

> The vehicle operated by Mr. Miley[3] is not found to be an integral element in the commission of the crime of theft of the camera by Alan Scott Hull.

This is not a finding of fact but rather a conclusion of law not supported by the findings of fact.

"[T]he essential question here [is] not . . . whether or not the 'offense could have occurred without the use of an automobile,' but whether or not the automobile was an integral element in, and contributed in some reasonable degree to, the commission of the crime." *Commonwealth v. Critchfield,* 9 Pa. Commonwealth Ct. 349, 353, 305 A.2d 748, 750 (1973). In light of the fact the vehicle served to transport appellee to and from the crime scene, it was, as a matter of law, used in the commission of the crime. As this Court suggested in *Department of Transportation v. Bechtel,* 5 Pa. Commonwealth Ct. 621, 625, 290 A.2d 713, 715 (1972), "the use of a 'getaway car' before or after a burglary would be an obvious integral part of a . . . crime." *See also Olin v. Department of Transportation, Bureau of Traffic Safety,* 17 Pa. Commonwealth Ct. 175, 331 A.2d 575 (1975). This Court recently sustained a suspension under Section 618(a)(2) of the Code where the evidence showed a vehicle had been used as the "get to" vehicle. *De-*

---

[3] The section of the Code here involved, as quoted in footnote 1, does not require appellee to have operated the vehicle in the commission of the misdemeanor; he need merely have used it. *See Commonwealth v. Crouse,* 52 Pa. D. & C. 2d 670 (1971) in which Judge MacPhail, then President Judge of the 51st Judicial District, reached the same conclusion with respect to Section 616(a)(2) of the Code, which employed nearly identical language in providing for revocation upon receipt of a certified record of a felony conviction "in the commission of which a motor vehicle or tractor is used."

338

*partment of Transportation, Bureau of Traffic Safety v. Duffy,* 34 Pa. Commonwealth Ct. 528, 384 A.2d 287 (1978).

Accordingly, we will enter the following

ORDER

AND Now, June 25, 1980, the order of the Court of Common Pleas of Lancaster County, Trust Book 44 page 89, dated July 25, 1977, is hereby reversed and the order of suspension in the above-captioned case is hereby reinstated.