Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Gerard Duffy, Appellee.

Submitted on briefs, March 2, 1978, to Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*William B. Eagan,* with him *Eagen and Bowen,* for appellee.

OPINION BY JUDGE WILKINSON, JR., April 5, 1978:

This case is on appeal from an order of the Court of Common Pleas of Bucks County which reversed a decision that the appellee's motor vehicle operator's license should be suspended for one year. That suspension was based on Section 618(a)(2) of The Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §618(a)(2), repealed by Act of June 17, 1976, P.L. 162, which reads as follows:

(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendre, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

. . . .

(2) That such person has been convicted of a misdemeanor, or forfeited bail upon such

a charge, in the commission of which a motor vehicle or tractor was used.

The appellee pleaded guilty, on March 16, 1976, to a violation of Section 3921(a) of the Crimes Code, 18 Pa. C.S. §3921(a), (theft by unlawful taking or disposition, a misdemeanor), and as a result his operating privileges were suspended.

The facts are as follows. On October 18, 1975, appellee was driving a Chevy truck along U.S. Route 309 near Quakertown Borough in Bucks County. Appellee was accompanied by a Mr. Curanski,[1] who had the owner's permission to use the truck appellee was driving. Mr. Curanski left the Chevy truck and entered property owned by Integrity Auto Wholesalers. Mr. Curanski then stole a 1972 Ford pick-up camper and drove it from the premises. The appellee followed Mr. Curanski down the road, but at no time actually drove the stolen vehicle. On at least two occasions the appellee and Mr. Curanski were observed engaged in conversation as they drove the two vehicles. A short time later Mr. Curanski was involved in an accident with another vehicle. The appellee then arrived at the scene of the accident and parked nearby. This is the extent of the appellee's involvement as revealed by the record before us.[2] As noted earlier, the appel-

---

[1] The findings of fact compiled by the court below refer to the passenger as Raymond Kransey. A careful review of the record finds that all three witnesses who testified at the hearing referred to the passenger as Mr. Curanski.

[2] The lower court's finding of fact number 10 reads as follows: "(10) The camper was involved in an accident in Quakertown shortly thereafter and Raymond Kransey [see footnote 1, *supra*] left the camper after the accident and was later picked up by appellant [appellee here] in his truck." We can find no support in the record for the finding that the passenger left the camper after the accident and was picked up by the appellee. All the record reveals in this regard is that the appellee did appear at the scene of the accident and parked the Chevy truck nearby.

lee did plead guilty to a charge of theft by unlawful taking or disposition.

It is clear from the case law that for a suspension under Section 618(a)(2) of the Code, 75 P.S. §618(a)(2), to be justified, the misdemeanor must be reasonably and integrally related to the proscribed conduct. *Department of Transportation, Bureau of Traffic Safety v. Denham*, 12 Pa. Commonwealth Ct. 593, 317 A.2d 328 (1974). Where the use of the motor vehicle is merely incidental to the commission of the crime, a suspension under Section 618(a)(2) of the Code, 75 P.S. §618(a)(2), is not justified. *Commonwealth v. Critchfield*, 9 Pa. Commonwealth Ct. 349, 305 A.2d 748 (1973). In the case at bar, the only manner in which appellee can be said to have used a vehicle in the commission of the crime is the fact that he drove Mr. Curanski as a passenger in the Chevy truck up to the time he left the appellee at the scene of the crime in which appellee pled guilty of participating. The appellee never drove the stolen vehicle nor entered the premises from which it was stolen. However, while there is nothing in the record to show that the appellee used the Chevy truck to aid Mr. Curanski in leaving the scene of the accident as a "get-away" vehicle, there is undisputed evidence that he used it as the "get to" vehicle. Our decision in *Department of Transportation v. Bechtel*, 5 Pa. Commonwealth Ct. 621, 625, 290 A.2d 713, 715 (1972) is controlling:

> The 'Misdemeanor,' of which The Vehicle Code speaks, and requires, is that which, in its commission, a 'motor vehicle or tractor' is employed as an integral part of the perpetration of an act of misdemeanor magnitude. The use of the 'motor vehicle or tractor' must be of such a nature and type that it be an integral part of the proscribed conduct. For example, the use of a 'getaway car' *before or after* a burglary would

be an obvious integral part of a Penal Code crime. (Emphasis added.)

Accordingly, we will enter the following

ORDER

AND Now, April 5, 1978, the decision of the Court of Common Pleas of Bucks County, No. 76-8503-10-6, dated February 9, 1977, is reversed and the decision of the Secretary of Transportation, dated August 23, 1976, suspending appellee's operating privileges for a period of one year, is hereby reinstated.