Larry W. Oden, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs October 18, 1984, to Judges MacPhail, Barry and Colins, sitting as a panel of three.

*Robert David Bacher,* for appellant.

*Thomas J. Hines,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BARRY, November 30, 1984:

This appeal results from an order of the Court of Common Pleas of Lancaster County which affirmed the revocation of the operator's license of Larry Oden (appellant) by the Pennsylvania Department of Transportation (DOT).

On July 4, 1980, appellant was charged with robbery under Section 3701 of the Pennsylvania Crimes Code (Crimes Code), 18 Pa. C. S. §3701. On May 29, 1981, he pled guilty to this charge and was convicted. The Clerk of Courts of Lancaster County certified this conviction to DOT and, on the record, noted "vehicle involved." On July 9, 1981, DOT, by letter, informed appellant that because of this conviction, his license had been suspended under Section 1532(a) of the Vehicle Code (Code), 75 Pa. C. S. §1532(a).

Appellant subsequently sought review before the trial court. DOT offered into evidence the certified

record from the Clerk of Courts of Lancaster County which indicated that appellant had pled guilty to robbery in which a vehicle was involved. Appellant argued that he had not been informed when he pled guilty that his operator's license would be revoked for one year and, therefore, the revocation was improper. The trial court rejected this argument, denied the appeal, affirmed the suspension, and this appeal ensued.

Our scope of review of a decision by a court of common pleas in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether an erroneous conclusion of law has been made or whether the decision of the common pleas court demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

Section 1532 of the Code provides:

(a) Revocation.—The department shall revoke the operating privilege of any driver for one year upon reviewing a certified record of the driver's conviction of any of the following offenses:

(1) Any felony in the commission of which a court determines that a vehicle was essentially involved.

Appellant contends that his operator's license should not be revoked under Section 1532(a)(1) of the Code because it was not proved that a vehicle was essentially involved in the commission of the crime. He asserts that his plea bargain agreement in this case requires only jail time, probation, a fine, court costs and restitution. He further contends that the agreement makes no mention that a vehicle was essentially involved and, therefore, the Commonwealth must

strictly adhere to the terms of the agreement and cannot attempt to impose a punishment which is not articulated in the plea bargain. *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441 (1976).

It is DOT's position that the trial court independently determined that a vehicle was essentially involved in the commission of the felony for which appellant was convicted. DOT asserts that appellant's reliance on *Zuber* is incorrect because the license revocation was not imposed as a penalty for his criminal act and, moreover, that the examination of the terms of the plea bargain agreement is inappropriate.

In our view, appellant's reliance on *Zuber* is misplaced. In *Zuber,* the prosecutor in exchange for a guilty plea had promised to ask the Pennsylvania Board of Probation and Parole to impose the defendant's sentence concurrently with the prior sentence from which he was paroled when committed. The Pennsylvania Supreme Court held that the Board did not have the power to impose the sentence concurrently since the law is clear that the sentence must be served consecutively. It was held, therefore, that the defendant's plea of guilty was not voluntary or knowing. In the present appeal, appellant's guilty plea may have been set aside if appellant had been induced, by DOT, to plead guilty based on DOT's promise that it would not revoke his license, but this allegation has not been made.

We believe, moreover, that our decision in *Department of Transportation, Bureau of Traffic Safety v. Kintigh,* 52 Pa. Commonwealth Ct. 12, 415 A.2d 436 (1980), is controlling. Kintigh argued he had been misled by the arresting officer who had assured him that he would only have to pay a fine and costs. Kintigh, therefore, contended that the suspension should not have been imposed because he did not have notice

of it at the time of the plea. We held that Kintigh's appeal was an attempt to attack a defect in the criminal proceeding which resulted in his suspension and, therefore should be dismissed. Our review is limited to the order of the suspension and does not encompass the criminal conviction which prompted the suspension. In this case we can review only appellant's suspension which, under the facts, was proper.

It is clear from a review of the trial court's opinion, that a vehicle was essentially involved in the commission of the felony by appellant and that the license revocation, therefore, was proper.

The trial court order which upheld appellant's license suspension is affirmed.

ORDER

Now, November 30, 1984, the order of the Court of Common Pleas of Lancaster County, dated March 4, 1982, at Trust Book 47, Page 93, is affirmed.