621 A.2d 1204

COMMONWEALTH OF Pennsylvania, DEPARTMENT
OF TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellant,

v.

Robert Michael KAPPAS, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 9, 1992.

Decided Feb. 23, 1993.

Timothy P. Wile, Asst. Counsel In–Charge of Appellate Section, for appellant.

Clifford T. Early, for appellee.

Before CRAIG, President Judge, and PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) sustaining the appeal of Robert Michael Kappas (licensee) from the revocation of his operating privilege for one year. The revocation was imposed by the Department in accordance with Section 1532(a)(1) of the Vehicle Code.[1] We reverse.

The licensee entered a plea of guilty to the charge of receiving stolen property, a felony offense. The stolen property was an automobile. The Clerk of Courts of Allegheny County forwarded to the Department a certification of conviction pursuant to Section 6323(2) of the Vehicle Code.[2] By notice dated August 2, 1991, the Department imposed a one-year revocation of the licensee's operating privilege pursuant to Section 1532(a)(1). The licensee appealed the revocation and a *de novo* hearing followed.

Before the trial court, the licensee offered no evidence, but his counsel argued that the licensee's operating privilege should be restored because the criminal court judge had not made the requisite determination that the automobile was "essentially involved." He also argued that the licensee's mere possession of the vehicle was incidental to the felony and did not support the imposition of a license revocation.[3] Final-

1. 75 Pa.C.S. § 1532(a)(1) provides that the Department shall revoke a driver's operating privilege for one year upon receipt of a certified record of the driver's conviction for "[a]ny felony in the commission of which a court determines that a vehicle was essentially involved."

2. 75 Pa.C.S. § 6323(2) provides that the clerk of court shall forward to the Department a record of the judgment upon conviction "of a person of a felony ... in the commission of which the judge determines that a motor vehicle was essentially involved."

3. Continuing this argument before this Court, he relies on *Department of Transportation, Bureau of Traffic Safety v. Critchfield*, 9 Pa. Commonwealth Ct. 349, 305 A.2d 748 (1973), and *Department of Transportation, Bureau of Traffic Safety v. Duffy*, 34 Pa. Commonwealth Ct. 528, 384 A.2d 287 (1978), for the proposition that in order to support a suspension the automobile must have been reasonably and integrally related to the commission of the crime. His reliance is misplaced because in both cases this Court was interpreting the language of the predecessor statute, Section 618(a)(2) of the Vehicle Code, 75 P.S. § 618(a)(2),

ly, counsel asserted that the licensee was not informed and did not have knowledge of the civil consequence of his guilty plea.[4]

The Department offered for admission into evidence the official notice of revocation, a certified copy of the licensee's driving record, and the certified report of the Clerk of Courts of Allegheny County captioned "REPORT OF THE CLERK OF COURT SHOWING THE CONVICTION OF ANY ACT IN WHICH A JUDGE DETERMINES THAT A MOTOR VEHICLE WAS ESSENTIALLY INVOLVED" (Report). Upon admission of the documents into evidence, the Department argued that the law presumes that a public official acts in conformity with his lawful duty and that the Clerk of Courts' forwarding of the Report evidenced a determination by the criminal court judge that the automobile was "essentially involved" in the commission of the felony.

The trial court sustained the licensee's appeal and in its opinion dated July 15, 1992, found that the criminal court judge had never determined whether the automobile "had been used in the violation" and further found that the automobile was "incidental" to the commission of the crime.[5] The Department appeals here from the order of the trial court.

█ The issues presented for review are (1) whether the licensee rebutted the Department's prima facie evidence that the criminal court judge had determined that the automobile was essentially involved in the commission of the felony of which he was convicted, (2) whether the trial court's factual findings were supported by competent evidence of record, and

repealed by Act of June 17, 1976, P.L. 162. Section 618(a)(2) provided for a suspension of operating privileges where a driver had been convicted of a crime "in the commission of which a motor vehicle ... was *used*" (emphasis added).

4. This same claim was addressed in *Oden v. Commonwealth*, 86 Pa. Commonwealth Ct. 215, 484 A.2d 837 (1984), where this Court held that, absent evidence that the driver had been induced by the Department to plead guilty by its promise not to revoke his license, it constitutes an improper collateral attack on the criminal proceeding.

5. The trial court's finding that the automobile was "incidental" to the commission of the felony is inapposite. Such a determination has relevance only to suspensions imposed under repealed Section 618(a)(2).

(3) whether the trial court erred as a matter of law in sustaining the appeal. Our scope of review on appeal in a license suspension case is limited to determining whether the findings of the trial court are supported by competent evidence, whether the trial court made an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Stephenson v. Dep't of Transp., Bureau of Traffic Safety,* 115 Pa. Commonwealth Ct. 592, 540 A.2d 990 (1988).

In appeals from operating privilege revocations imposed pursuant to Section 1532(a)(1), the Department has the burden of proving that (1) the motorist was convicted of a crime falling within one of the enumerated classes of offenses and (2) the judge presiding over the criminal proceedings which resulted in the driver's conviction had determined that a vehicle was "essentially involved" in the commission of that offense. *See Southerland v. Dep't of Transp., Bureau of Motor Vehicles,* 127 Pa. Commonwealth Ct. 349, 561 A.2d 1276 (1989).

The Department argues that the certified Report was prima facie evidence that the criminal court judge had determined that the automobile was "essentially involved" in the commission of a felony and gives rise to the presumption that in forwarding the Report to the Department the Clerk of Courts performed his official duty in accordance with the law. For support of its argument the Department relies on *Southerland.*

In *Southerland,* the Department offered as evidence a notice sent by the Montgomery County Clerk of Courts certifying that the driver was convicted of the felony charge of theft by receiving stolen property in which a judge determined that a motor vehicle was essentially involved. The property involved was engine parts. The driver argued that the criminal court judge had failed to make an affirmative finding that a vehicle was essentially involved in the crime and for support offered a partial transcript of the notes of testimony of the

criminal trial.[6] He further argued that the presumptive validity of the certified notice of conviction was rebutted by the transcript which did not include a reference to a judge's specific finding that a motor vehicle was essentially involved. Rejecting the few pages of the transcript as rebuttal evidence, this Court then found that the ultimate fact of the requisite determination by the criminal court judge was established on the face of a report captioned exactly as the Report here.

We find *Southerland* dispositive of the issues presented here. The forwarding of the certified Report by the Clerk of Courts of Allegheny County raises the presumption that he complied with the statutory mandate of Section 6323(2). The Report so forwarded bears on its face a caption which reads "REPORT OF THE CLERK OF COURT SHOWING THE CONVICTION OF ANY ACT IN WHICH *A JUDGE DE-TERMINES* THAT A MOTOR VEHICLE WAS ESSEN-TIALLY INVOLVED" (emphasis added). This certified record is prima facie evidence supporting the imposition of the Section 1532(a)(1) revocation.

The Department further argues that the licensee offered no rebuttal testimony, but merely relied on his counsel's statements before the trial court judge. We agree. Statements made by a party's counsel do not constitute evidence. *See Pfeiffer v. Dep't of Transp., Bureau of Driver Licensing,* 114 Pa. Commonwealth Ct. 390, 539 A.2d 4, *modified,* 549 A.2d 626 (1988).

Finally, the Department argues that the trial court's finding that no determination had been made by the criminal court judge is not supported by substantial evidence and that the

6. Like the licensee here, the driver in *Southerland* relied on *Department of Transportation, Bureau of Driver Licensing v. Dauer,* 96 Pa. Commonwealth Ct. 541, 507 A.2d 1299 (1986). This Court in *Southerland* distinguished *Dauer* because the clerk of court's report had stated that the *crime* involved a motor vehicle, rather than that *a judge had determined* that the crime involved a motor vehicle. Moreover, in affirming the order setting aside the revocation, this Court in *Dauer* relied not on the clerk of court's report, but on the absence of an affirmative determination in the actual sentencing order and the ambiguity of the instruction that "[t]he clerk of courts is directed to certify this to Harrisburg."

trial court erred in sustaining the licensee's appeal. As indicated above, statements by the licensee's counsel cannot be the foundation for findings by the trial court. *Id.* Having found that the Department met its burden of proof, we conclude that the trial court erred as a matter of law in sustaining the licensee's appeal.

Accordingly, the order of the trial court is reversed and the revocation of the licensee's operating privilege is reinstated.

### ORDER

AND NOW, this the 23rd day of February, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed and the revocation of the operating privilege of Robert Michael Kappas is hereby reinstated.

PELLEGRINI, Judge, concurring.

I join with the majority in holding that the presumption created by the introduction of the "REPORT OF THE CLERK OF COURT SHOWING THE CONVICTION OF ANY ACT IN WHICH A JUDGE DETERMINES THAT A MOTOR VEHICLE WAS ESSENTIALLY INVOLVED" is not rebutted by a transcript which did not include a reference to a judge's specific finding that a motor vehicle was involved. To rebut that presumption, Licensee is required to introduce a certified copy of the docket entries of the criminal proceeding that resulted in his felony conviction, indicating that the trial court never entered an order making a determination that "a motor vehicle was essentially involved." *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles v. Johns,* 153 Pa.Cmwlth. 312, 621 A.2d 1064 (1993).