IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Kartik, LLC, | : **CASES CONSOLIDATED** |
| Appellant | : |
| | : |
| v. | : |
| | : |
| Tinicum Township Zoning Hearing | : |
| Board and 500 Wanamaker Avenue | : |
| Partners, LLC | : No. 1238 C.D. 2024 |

| | |
|---|---|
| Kartik, LLC, | : |
| Appellant | : |
| | : |
| v. | : |
| | : |
| Tinicum Township Board of | : |
| Commissioners, 500 Wanamaker | : |
| Avenue Partners, LLC | : |
| | : |
| v. | : |
| | : No. 1239 C.D. 2024 |
| Louis Cicconi | : Argued: February 3, 2026 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                    FILED:  March 31, 2026

In these consolidated appeals, Kartik, LLC (Kartik) challenges two orders of the Delaware County Court of Common Pleas (Common Pleas), dated July 31, 2024, and August 22, 2024, relating to the proposed construction of a Wawa convenience store and gas station (collectively, Wawa) in Tinicum Township (Township) by 500 Wanamaker Avenue Partners, LLC (Applicant). In its July 31, 2024 order, Common Pleas affirmed the decision of the Township Zoning Hearing Board (Zoning Board), which granted special exception approval and a dimensional variance for the Wawa. In its August 22, 2024 order, Common Pleas affirmed the decision of the Township Board of Commissioners (Commissioners), which granted conditional use approval for the Wawa. After careful review, we affirm.

**BACKGROUND**

The underlying facts of this case are not in dispute. Applicant is the equitable owner of a property (Property) located at the intersection of Wanamaker Avenue and Industrial Highway in the Township's C-2 commercial zoning district (C-2 District). The Property is two and one-half acres and is the former site of a church and school. Applicant intends to construct the Wawa on the Property. Kartik is the current owner of an adjacent property that contains a Sunoco convenience store and gas station. At the time of the proceedings below, Tinicum 15 Industrial Highway, L.P. (Industrial) was the owner of the property that now belongs to Kartik.

Although a convenience store is permissible by right in the C-2 District under the Township's Zoning Ordinance (Ordinance),[1] a gas station is not. Rather, Section

---

[1] Tinicum Township Zoning Ordinance of 2021, *as amended*. The Ordinance is cited in the record and the briefs using two different sets of section numbers. For ease of reference, this decision uses section numbers as they appear online at https://ecode360.com/TI0196 (last visited Feb. 26, 2026). We note this Court reversed a Zoning Board decision involving the proposed Wawa under a prior version of the Ordinance in *Tinicum 15 Industrial Highway, L.P., v. Tinicum Township Zoning Hearing Board* (Pa. Cmwlth., No. 32 C.D. 2019, filed Jan. 13, 2020).

395-43 of the Ordinance permits an outdoor gasoline service station as a conditional use "subject to" Section 395-151(I) of the Ordinance. That section provides:

> I. Gasoline service stations. Gasoline service stations shall be permitted as a special exception in the C-2 District, and by right in the I-B District subject to the requirements below:
>
> (1) Minimum lot area shall be 15,000 square feet.
>
> (2) All pumps shall be located outside of buildings.
>
> (3) All fuel containers in excess of 100 gallons shall be located underground.
>
> **(4) No service station shall be located within 200 feet of a school, church, day-care center, nursing home, residential use or place of public assembly having a capacity of more than 50 persons. The required 200 feet shall be measured in the shortest distance between the service station property and any of the above uses.**
>
> (5) Hydraulic hoists, pits, and all lubrication, greasing, washing and repair equipment shall be entirely within an enclosed building.
>
> (6) Exterior lighting shall be shielded so that it is deflected from adjacent or nearby properties and from motorists on public streets.
>
> (7) All applicable provisions of § 395-142, Landscaping, and § 395-141, Screening, shall be followed.
>
> (8) Service stations shall also comply with all applicable regulations of the Fire Marshal Division of the Pennsylvania State Police and with those of any other applicable state or federal agency.

Section 395-151(I) of the Ordinance (emphasis added).

The Township interprets this language to mean a developer may not construct a gas station in the C-2 District unless it receives both conditional use approval from

the Commissioners and special exception approval from the Zoning Board. Here, Applicant applied for a conditional use, and the Commissioners held a conditional use hearing on October 18, 2021. Industrial opposed the application.

In pertinent part, Applicant presented testimony from its civil engineer, Alex Rodriguez (Rodriguez), whose engineering firm prepared the site plan for the Wawa. Reproduced Record (R.R.), 1239 C.D. 2024, at 45.[2] Rodriguez testified the gas station would not violate the 200-foot setback requirement of Section 395-151(I)(4) of the Ordinance:

> [Counsel for Applicant:] . . . . No service station shall be located within 200 feet of a school, church, daycare, nursing home. Would you show our compliance there.
>
> [Rodriguez:] Sure. So we are using the corner of the canopy as the measuring point for the gas station facility at a 200-foot radius. There's a dotted line on the plan that's shown right around in this facility. This is pretty much just encompassing an existing grass parking area.
>
> [Counsel for Applicant:] So we comply; is that correct?
>
> [Rodriguez:] We comply.

*Id.* at 59-60.

Industrial's counsel cross-examined Rodriguez on this point, and particularly challenged Rodriguez's use of the gas station canopy as the measuring point for the 200-foot setback. Industrial's counsel suggested instead that Rodriguez should have measured the setback from the property line of the Property to the property lines of nearby properties containing uses listed under Section 395-151(I)(4):

> [Counsel for Industrial:] If you measure 200 feet from property line to property line, you're not at 200 feet from a residential use.

---

[2] Because the reproduced records lack page numbers, we use electronic pagination.

4

[Rodriguez:] There's no residential use across the street. It's residentially zoned, but it's not used residentially.

[Counsel for Industrial:] Well, let's talk about it. It's a baseball field; correct?

. . . .

[Rodriguez:] There's a ball field back here, yes.

. . . .

[Counsel for Industrial:] Would you agree with me that it says -- would you agree with me that a place having a ball field property across there is a place of public assembly?

[Rodriguez:] There's no public assembly measured from the township engineer to the parking lot. It's the park area where the walkway is.

[Counsel for Industrial:] . . . [T]he measurement you're using to establish that 200 feet, one, it includes a minimum of 34 feet on the lot going into the Wawa property.

[Rodriguez:] It does. But I'm telling you even if we went to the property line, we have no issue with the 200 foot radius.

. . . .

[Counsel for Industrial:] . . . . [I]f you just measure property line to property line, you're not at 200 feet.

[Rodriguez:] No, we're not.

. . . .

[Counsel for Industrial:] And there's a sandwich shop across there?

. . . .

[Rodriguez:] Yes.

[Counsel for Industrial:] Above there, there's apartments?

5

[Rodriguez:] It's beyond the 200 foot.

[Counsel for Industrial:] . . . . Did you take any specific measurements from the property line to the property line?

[Rodriguez:] No. It's from our site to the residential use, which does not exceed 200 feet.

. . . .

[Counsel for Industrial:] . . . .Would you agree with me that property line to property line is not 200 feet?

[Rodriguez:] I would have to check that. I don't have that off the top of my head.

R.R., 1239 C.D. 2024, at 74-77.

The owner of another adjacent property, Louis R. Cicconi, Jr. (Cicconi), also attended the hearing with his counsel. During the public comment portion of the hearing, Cicconi's counsel explained his client owned "the adjacent preexisting nonconforming use already established by this [T]ownship, which was Russ Blake's Auto Body Shop." R.R., 1239 C.D. 2024, at 151. Cicconi's counsel explained he and his client were there as "observers," and he requested a copy of the "design plan or traffic flow . . . to review prior to the hearing before this board for . . . the land development plan." *Id.*

The Commissioners granted conditional use approval to Applicant for the gas station by decision dated November 15, 2021. The Commissioners' findings of fact and conclusions of law included a summary of Rodriguez's testimony, including his explanation that the gas station would comply with the 200-foot setback requirement in Section 395-151(I)(4) of the Ordinance. R.R., 1239 C.D. 2024, at 12. The Commissioners reasoned they lacked jurisdiction to grant a special exception but

6

observed Applicant presented evidence of compliance with the special exception requirements at Section 395-151(I). *Id.* at 15-16.

Industrial appealed to Common Pleas,[3] which affirmed by order dated August 22, 2024. Common Pleas subsequently issued an opinion, which addressed Industrial's contention that the Wawa's gas station would violate the 200-foot setback requirement in Section 395-151(I)(4) of the Ordinance. Common Pleas explained the Commissioners lacked jurisdiction to grant a special exception and did not err by deferring to the Zoning Board. Common Pleas Op., 10/24/24, at 5-6. Industrial appealed to this Court.[4]

Meanwhile, Applicant applied for a special exception from the Zoning Board. As part of its application, Applicant requested a finding that the gas station would not violate the Ordinance's 200-foot setback or, alternatively, a dimensional variance regarding the setback. The Zoning Board held a special exception hearing on March 17, 2022, at which Applicant again presented Rodriguez's testimony. He testified the gas station would not violate the setback:

> [Counsel for Applicant:] . . . . So tell us how you are measuring the 200 feet.
>
> [Rodriguez:] . . . . So at this corner and at this corner and at the front corner, basically these three corners of the canopy, we took a 200-foot radius. And this dotted line that's dark black is showing that 200-foot radius.
>
> So as far as meeting the criteria of these public areas that can serve 50 people or more, residential use, nursing home facility, basically you can see that we're almost all within the public roadway. There's a little bit of a bike path, but this is still all paved area.

---

[3] Cicconi filed a petition to intervene that Common Pleas granted.

[4] Industrial's appeal is docketed at 1239 C.D. 2024.

7

As we come around here, we're still within the street intersection.

Then as we come to this part here, we're crossing a commercial HVAC contractor business.

And then we come over here to a recreational use area.

So within the 200-foot radius measured from the canopy, we were able to show compliance . . . .

. . . .

[Counsel for Applicant:] . . . . Specifically from the bottom right, as it shows on the plan, that 200-foot radius goes a little bit into – what's the name of the park? Manor?

[Rodriguez:] Manor Field, yes.

[Counsel for Applicant:] But there's no place of assembly there. There's just some trees and some grass. There's no ball field in that area?

[Rodriguez:] No.

[Counsel for Applicant:] No other athletic uses or anywhere where people would be assembling.

[Rodriguez:] Correct.

R.R., 1238 C.D. 2024, at 56-58. Rodriguez acknowledged measuring from the property line would result in a violation of the Ordinance because the property line is within 200 feet of an apartment above a sandwich shop and a roller hockey rink that could be considered a place of assembly. *Id.* at 58-59, 80, 83.

Further, Industrial cross-examined Rodriguez regarding a prior residential use on Cicconi's property. Rodriguez testified the previous owner of Cicconi's property maintained a residential use there "years ago." R.R., 1238 C.D. 2024, at 85. Rodriguez estimated the residential use was located approximately 185 feet from the

8

proposed gas station canopy.  *Id.* at 155-56.  Industrial also called Cicconi as a witness.  Cicconi testified regarding the prior residential use:

> [Counsel for Industrial:] Would it be fair to say the property you owned was purchased from David Blake?
>
> [Cicconi:] No; Russell Blake.
>
> [Counsel for Industrial:] Was it the estate of David Blake?
>
> [Cicconi:] It was the estate of Russell Blake.
>
> [Counsel for Industrial:] Were you familiar with the property prior to the purchase of that property?
>
> [Cicconi:] Yes.
>
> [Counsel for Industrial:] Were you familiar with what types of uses were present on that property?
>
> [Cicconi:] Yes.
>
> [Counsel for Industrial:] And was residential use present on that property prior to purchasing that property?
>
> [Cicconi:] Yes.
>
> [Counsel for Industrial:] And how were you aware of that? How did you acquire that knowledge?
>
> [Cicconi:] Because I knew him personally and he lived there.
>
> . . . .
>
> [Counsel for Industrial:] . . . . Mr. Cicconi, have you made any applications to the Township with respect to continuing residential use?
>
> [Cicconi:] Yes.
>
> [Counsel for Industrial:] What type of applications have you made?

9

[Cicconi:] I applied for a Certificate [o]f Occupancy.

[Counsel for Industrial:] And is part of the basis for your Certificate [o]f Occupancy that it would be a continuing residential use?

[Cicconi:] That's correct.

. . . .

[Counsel for Industrial:] And you do wish to continue that use on the property.

[Cicconi:] Yes.

*Id.* at 130-32.[5]

The Zoning Board granted a special exception by decision dated April 21, 2022. The Zoning Board reasoned the 200-foot setback should be measured from the canopy of the gas station. R.R., 1238 C.D. 2024, at 17. With respect to the alleged residential use on Cicconi's property, the Zoning Board found no evidence that Cicconi used the building on his property for residential purposes. *Id.* In addition, the Zoning Board concluded Applicant was entitled to a variance regarding Cicconi's property. *Id.* at 19. The Zoning Board explained unique circumstances justified granting a variance, in that the Wawa's "gasoline pumps, and therefore the canopy, could not be configured in a different way while also meeting all other criteria necessary." *Id.* The Zoning Board explained the hardship did not exist until Cicconi testified he wanted to use his property for residential purposes. *Id.*

Industrial and Ciccone appealed to Common Pleas, which affirmed by orders dated July 31, 2024, and August 22, 2024. In its subsequent opinion, Common Pleas

---

[5] Based on testimony presented at the hearing, "[a]nd given the fact that Mr. Cicconi did not have the necessary notification for the hearing," Cicconi's counsel requested party status for his client. R.R., 1238 C.D. 2024, at 149-51. Cicconi's counsel specifically waived any claim that his lack of notice prevented him from presenting evidence at the hearing. *Id.* at 151.

10

deferred to the Zoning Board's reasoning that the Ordinance's 200-foot setback requirement should be measured from the proposed gas station canopy. Common Pleas Op., 11/7/24, at 6-7. Further, Common Pleas explained there was no evidence "concerning a current actual use" of the apartment above a nearby sandwich shop. *Id.* at 7. Regarding the nearby park, Common Pleas explained this was a recreational area, not a place of public assembly, and the 200-foot setback was meant to apply to "interior purposes," rather than "open space." *Id.* Common Pleas concluded the Zoning Board's decision to grant a variance was reasonable and supported by the record. *Id.* at 7-8.

Industrial and Ciccone appealed to this Court.[6] During the pendency of these appeals, Kartik filed applications for relief in the form of a motion to substitute party, averring it purchased the adjacent property that had once belonged to Industrial. The Court granted the applications and substituted Kartik for Industrial as the appellant. On appeal, Kartik contends[7] the Wawa's gas station will violate the 200-foot setback requirement in Section 395-151(I)(4) of the Ordinance. Kartik proposes the setback should be measured from property line to property line, rather than from the canopy of the gas station to the relevant uses. Kartik's Br. at 12-20. Regardless of how the

---

[6] Industrial's appeal is docketed at 1238 C.D. 2024, and Cicconi's appeal is docketed at 1206 C.D. 2024. We address Cicconi's appeal in a separate decision.

[7] Industrial filed the appellant's briefs in this matter. However, Industrial's counsel now represents Kartik, and counsel has not asked to file separate briefs on Kartik's behalf. For the sake of avoiding confusion, we refer to the briefs Industrial filed as Kartik's briefs. We note our page citations are to the briefs filed at 1238 C.D. 2024. Kartik's briefs are substantively the same in both appeals.

setback is measured, Kartik contends the Wawa's gas station will be within 200 feet of the purported residential use on Cicconi's property.[8]  *Id.* at 20-22.

## DISCUSSION

Common Pleas did not take additional evidence below.  Thus, we review whether the Commissioners or the Zoning Board committed an abuse of discretion or erred as a matter of law.  *Harvin. v. Bd. of Comm'rs of Upper Chichester Twp.*, 33 A.3d 709, 713 n.7 (Pa. Cmwlth. 2011); *Bird v. Zoning Hearing Bd. of Mun. of Bethel Park*, 320 A.3d 843, 848 n.8 (Pa. Cmwlth. 2024), *appeal denied*, 333 A.3d 303 (Pa. 2025).  Kartik's appeal requires that we interpret the Ordinance.  This raises "a question of law for which our standard of review is de novo and our scope of review is plenary." *Weiler v. Stroud Twp. Zoning Hearing Bd.*, 300 A.3d 1121, 1126 (Pa. Cmwlth. 2023), *reargument denied* (Sept. 20, 2023), *appeal denied*, 318 A.3d 100 (Pa. 2024).  Stated differently, this Court does not defer to decisions below and may review the entire record in reaching its determination.  *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012).

Section 395-151(I)(4) of the Ordinance directs that the 200-foot setback "shall be measured in the shortest distance between the service station property and any of the above uses."  As an initial matter, Section 395-151(I)(4) requires that the setback be measured to "any of the above uses," i.e., to the use itself, rather than the property containing the use.  This language belies Kartik's suggestion that the setback should be measured to the property line of properties containing relevant uses under Section 395-151(I)(4).

---

[8] In its briefs, Applicant questions Kartik's standing, alleging Kartik is merely opposing the Wawa for business reasons and will suffer "no legitimate harm."  Applicant's Br. at 24-27.  We note this Court held Industrial had standing in its appeal challenging the Wawa under a prior version of the Ordinance. *Tinicum 15*, slip op. at 14-16.  Applicant does not acknowledge this holding or provide any basis for revisiting our reasoning in that decision.

Section 395-151(I)(4)'s reference to "the service station property" presents a closer question. The Ordinance does not specify whether the service station property from which the setback should be measured includes only the portion of the property where gasoline is being sold or whether it includes the entire property containing the gas station. The parties direct the Court's attention to the Ordinance's definition of "Gasoline Service Station":

> Any area of land, including structures thereon, or any building or part of thereof that is used for the sale of gasoline or other motor vehicle fuel or accessories and which may or may not include facilities for lubricating, washing or otherwise servicing motor vehicles, but which shall not include painting or body and fender repairs.

Section 395-13 of the Ordinance. Relevantly, the Ordinance also defines the term "Structure" as "[a]nything constructed or erected with a fixed location on the ground **or attached to something having a fixed location on the ground**." Section 395-13 of the Ordinance (emphasis added). The Wawa's proposed gas station canopy is a "Structure" as defined in the Ordinance.

According to Applicant, the definition of "Gasoline Service Station" indicates the setback should be measured from the "area of land" where gasoline is being sold. Applicant's Br. at 15. Kartik interprets this definition differently, arguing it supports the decision that a gasoline service station includes more than just the area under the canopy, such as areas for ingress and egress, a section of the convenience store where customers can pay for gasoline, and the underground fuel tanks. Kartik's Br. at 15-16.

Although Section 395-13 is informative, it does not resolve this dispute. The Ordinance directs that the 200-foot setback requirement must be measured from "the service station *property*." Section 395-151(I)(4) of the Ordinance (emphasis added).

13

Arguably, the inclusion of the word "property" would be superfluous unless Section 395-151(I)(4) was referring to the entire property where the gasoline service station is located. If the drafters of the Ordinance intended a different meaning, they could have simply directed that the setback be measured from "the service station."

On the other hand, the Ordinance uses the term "property line" multiple times and also refers to measuring "from the property line," which suggests the drafters of the Ordinance could have used the same term in Section 395-151(I)(4) if that was the intent. *See, e.g.*, Section 395-77(A) of the Ordinance (directing that "[t]here shall be . . . a front yard setback, as measured from the property line"); Section 395-122(D) of the Ordinance (directing that "measures shall be made in a straight line . . . to the nearest property line").

More compellingly, Section 395-151 requires a similar 200-foot setback when addressing childcare centers:

> H. Child day-care centers. Child day-care centers shall be permitted as a special exception in the C-1, C-2, C-3 Districts; as a special exception in R-1 and R-2 Districts, as part of a school or church and as an accessory use in the C-2, C-3 and IB Districts.
>
> . . . .
>
> **(6) No part of a facility may be located within 200 feet of gasoline pumps or underground storage tanks or any other storage area for explosive or hazardous materials.**

Section 395-151(H) of the Ordinance (emphasis added).

If the drafters of the Ordinance had intended the 200-foot setback requirement in Section 395-151(I) to be measured from the property line, they would have placed the same requirement in Section 395-151(H). Instead, Section 395-151(H) expressly requires that the setback be measured from the gasoline pumps, underground storage

14

tanks, or other areas where explosive or hazardous materials are stored. Section 395-151(H) reveals that the intent of the setbacks is not to address concerns like increased traffic or noise, which would be present with many new uses, but to protect the public from dangers unique to the sale of gasoline.

Reading the Ordinance differently could produce unreasonable results. As we noted above, the Wawa's convenience store is permitted by right in the C-2 District. Measuring the 200-foot setback from the property line would effectively apply that setback to the convenience store, contrary to the express intent of the Ordinance.[9] It is likely Section 395-151(I)(4)'s reference to "the service station property" is simply the Ordinance's way of recognizing that gasoline service stations often accompany other uses, such as convenience stores, grocery stores, or wholesale clubs. Only "the service station property" poses a unique danger to the public, and, therefore, the 200-foot setback applies only to that area.

At the very least, the Ordinance's use of the term "property line" in other contexts, the language of the 200-foot setback in Section 395-151(H), and the potential for an unreasonable result if the 200-foot setback were applied to the entire property, render the Ordinance ambiguous. *See Bethlehem Manor Vill., LLC v. Zoning Hearing Bd. of City of Bethlehem*, 251 A.3d 448, 465 (Pa. Cmwlth. 2021). Case law requires that the Court construe ambiguous terms in an ordinance in favor of the landowner. *Id.* Further, we defer to the interpretations of the Commissioners and the Zoning Board. *See Aldridge v. Jackson Twp.*, 983 A.2d 247, 254 (Pa.

---

[9] Under Section 395-41(A)(6) of the Ordinance, uses permitted by right in the C-2 District include uses "permitted by right in the C-1 District." In the C-1 commercial zoning district, uses permitted by right include a "[f]ood store, including grocery store, supermarket, and bakery, confectionery, or **convenience store (e.g., Wawa, etc.)** where goods are sold at retail." Section 395-35(B) of the Ordinance (emphasis added).

Cmwlth. 2009); *AUUE, Inc. v. Borough of Jefferson Hills Zoning Hearing Bd.*, 318 A.3d 771, 781 (Pa. 2024).

Accordingly, based on the arguments preserved and evidence presented in this matter,[10] we discern no error in measuring the 200-foot setback requirement from the edge of the proposed gas station canopy to the relevant uses in Section 395-151(I)(4). The record includes testimony regarding several potentially relevant uses, including an apartment above a sandwich shop, a public park with a baseball field, and a roller hockey rink. Measuring from the edge of the canopy, however, Rodriguez explained none of these uses was within the 200-foot setback. R.R., 1238 C.D. 2024, at 56-59, 80, 83; R.R., 1239 C.D. 2024, at 74-77.

The record also includes testimony regarding the purported residential use on Cicconi's property. Kartik does not develop any argument challenging the Zoning Board's decision to grant a variance for Cicconi's property, which defeats Kartik's claim the property is within 200 feet of the gas station canopy.[11] Even if Kartik had developed such an argument, Rodriguez and Cicconi testified there was a residential use on the property "years ago" by a prior owner of the property. R.R., 1238 C.D. 2024, at 85, 130-32. There was no indication the property was being used for

---

[10] Kartik proposes the 200-foot setback could have been measured from the underground fuel tanks instead of the gas station canopy. Kartik's Br. at 16-17. It appears Industrial did not raise the issue of measuring from the underground fuel tanks during the hearings below or in its notices of appeal to Common Pleas but instead raised the issue for the first time in its briefs to Common Pleas. Our review does not indicate Industrial asked Common Pleas to hear additional evidence regarding the underground fuel tanks or otherwise sought permission to raise the issue. Thus, the issue is waived. *See Palmer v. Susquehanna Twp. Zoning Hearing Bd.*, 331 A.3d 129, 136 (Pa. Cmwlth. 2025).

[11] Kartik argues in a footnote that this Court's holding in Industrial's appeal challenging the Wawa under a prior version of the Ordinance is "the law of the case insofar as the current application . . . seeks a variance to eliminate the need to comply with the 200' setback requirement." Kartik's Br. at 6 n.5. To the contrary, our holding in *Tinicum 15* did not involve the 200-foot setback at issue here or the purported residential use on Cicconi's property.

residential purposes at the time of the hearing before the Zoning Board or any confirmation that Cicconi would use the property for residential purposes in the future.[12] The Ordinance's 200-foot setback applies, by its plain terms, to "residential use," not a past or hypothetical future use. *See* Section 395-151(I)(4) of the Ordinance.

## CONCLUSION

For the foregoing reasons, the proposed Wawa's gas station complies with the 200-foot setback in Section 395-151(I)(4) of the Ordinance, and we affirm Common Pleas' July 31, 2024, and August 22, 2024 orders.

 

 

_____

STACY WALLACE, Judge

 

Judge Fizzano Cannon did not participate in the decision of this case.

---

[12] Counsel for Industrial and Counsel for Cicconi indicated during argument before Common Pleas that Cicconi received approval to maintain a residence on his property. We emphasize Common Pleas took no additional evidence, and these were merely statements by counsel rather than sworn testimony. *See Dep't of Transp., Bureau of Driver Licensing v. Kappas*, 621 A.2d 1204, 1207 (Pa. Cmwlth. 1993) ("Statements made by a party's counsel do not constitute evidence.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kartik, LLC, : **CASES CONSOLIDATED**
                Appellant :
                             :
      v. :
                             :
Tinicum Township Zoning Hearing :
Board and 500 Wanamaker Avenue :
Partners, LLC : No. 1238 C.D. 2024


Kartik, LLC, :
                Appellant :
                             :
      v. :
                             :
Tinicum Township Board of :
Commissioners, 500 Wanamaker :
Avenue Partners, LLC :
                             :
      v. : No. 1239 C.D. 2024
Louis Cicconi :

# **O R D E R**


     **AND NOW**, this 31st day of March 2026, the orders of the Court of Common Pleas of Delaware County dated July 31, 2024, and August 22, 2024, are **AFFIRMED**.


                                   _____
                                   STACY WALLACE, Judge