IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis R. Cicconi, Jr.,      :
        Appellant :
            :
   v.        : No. 1206 C.D. 2024
            : Submitted: February 3, 2026
Tinicum Township Zoning Hearing :
Board and 500 Wanamaker Avenue :
Partners, LLC       :


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE STACY WALLACE, Judge
     HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE        FILED: April 9, 2026


  Louis R. Cicconi, Jr. (Cicconi) appeals from the August 22, 2024 order of the Delaware County Court of Common Pleas (Common Pleas), that affirmed the April 21, 2022 order of the Tinicum Township (Township) Zoning Hearing Board (Zoning Board). The Zoning Board granted a special exception and dimensional variance to 500 Wanamaker Avenue Partners, LLC (Applicant) for the construction of a Wawa convenience store and gas station (collectively, Wawa). Cicconi contends the Zoning Board lacked jurisdiction because the gas station was only permissible as a conditional use, and the matter was within the jurisdiction of the Township Board of Commissioners (Commissioners). After careful review, we affirm.

# BACKGROUND

The underlying facts of this case are not in dispute. Applicant is the equitable owner of a property (Property) located at the intersection of Wanamaker Avenue and Industrial Highway in the Township's C-2 commercial zoning district (C-2 District). The Property is two and one-half acres and is the former site of a church and school. Applicant intends to construct the Wawa on the Property. Cicconi owns an adjacent property he purchased from an estate, which formerly included a residential use. The estimated distance from the prior residential use on Cicconi's property to the canopy of the proposed Wawa's gas station is 185 feet.

Although a convenience store is permissible by right in the C-2 District under the Township's Zoning Ordinance (Ordinance),[1] a gas station is not. Rather, Section 395-43 of the Ordinance permits an outdoor gasoline service station as a conditional use "subject to" Section 395-151(I) of the Ordinance. That section provides:

> I. Gasoline service stations. Gasoline service stations shall be permitted as a special exception in the C-2 District, and by right in the I-B District subject to the requirements below:
>
> (1) Minimum lot area shall be 15,000 square feet.
>
> (2) All pumps shall be located outside of buildings.
>
> (3) All fuel containers in excess of 100 gallons shall be located underground.
>
> **(4) No service station shall be located within 200 feet of a school, church, day-care center, nursing home,**

[1] Tinicum Township Zoning Ordinance of 2021, *as amended*. The Ordinance is cited in the record and the briefs using two different sets of section numbers. For ease of reference, this decision uses section numbers as they appear online at https://ecode360.com/TI0196 (last visited Apr. 8, 2026). We note this Court reversed a Zoning Board decision involving the proposed Wawa under a prior version of the Ordinance in *Tinicum 15 Industrial Highway, L.P., v. Tinicum Township Zoning Hearing Board* (Pa. Cmwlth., No. 32 C.D. 2019, filed Jan. 13, 2020).

**residential use or place of public assembly having a capacity of more than 50 persons. The required 200 feet shall be measured in the shortest distance between the service station property and any of the above uses.**

(5) Hydraulic hoists, pits, and all lubrication, greasing, washing and repair equipment shall be entirely within an enclosed building.

(6) Exterior lighting shall be shielded so that it is deflected from adjacent or nearby properties and from motorists on public streets.

(7) All applicable provisions of § 395-142, Landscaping, and § 395-141, Screening, shall be followed.

(8) Service stations shall also comply with all applicable regulations of the Fire Marshal Division of the Pennsylvania State Police and with those of any other applicable state or federal agency.

Section 395-151(I) of the Ordinance (emphasis added).

The Township interprets this language to mean a developer may not construct a gas station in the C-2 District unless it receives both conditional use approval from the Commissioners and special exception approval from the Zoning Board. Here, Applicant applied for a conditional use, and the Commissioners held a conditional use hearing on October 18, 2021. Tinicum 15 Industrial Highway, L.P. (Industrial), which owned an adjacent property containing a Sunoco convenience store and gas station, opposed the application.

In pertinent part, Applicant presented testimony from its civil engineer, Alex Rodriguez (Rodriguez), whose engineering firm prepared the site plan for the Wawa. Supplemental Reproduced Record (Suppl. R.R.) at 15b. Rodriguez testified the gas station would not violate the 200-foot setback requirement of Section 395-151(I)(4) of the Ordinance:

[Counsel for Applicant:] . . . . No service station shall be located within 200 feet of a school, church, daycare, nursing home. Would you show our compliance there.

[Rodriguez:] Sure. So we are using the corner of the canopy as the measuring point for the gas station facility at a 200-foot radius. There's a dotted line on the plan that's shown right around in this facility. This is pretty much just encompassing an existing grass parking area.

[Counsel for Applicant:] So we comply; is that correct?

[Rodriguez:] We comply.

*Id.* at 29b-30b.

Industrial's counsel cross-examined Rodriguez on this point, and particularly challenged Rodriguez's use of the gas station canopy as the measuring point for the 200-foot setback. Industrial's counsel suggested instead that Rodriguez should have measured the setback from the property line of the Property to the property lines of nearby properties containing uses listed under Section 395-151(I)(4):

[Counsel for Industrial:] If you measure 200 feet from property line to property line, you're not at 200 feet from a residential use.

[Rodriguez:] There's no residential use across the street. It's residentially zoned, but it's not used residentially.

[Counsel for Industrial:] Well, let's talk about it. It's a baseball field; correct?

. . . .

[Rodriguez:] There's a ball field back here, yes.

. . . .

[Counsel for Industrial:] Would you agree with me that it says -- would you agree with me that a place having a ball field property across there is a place of public assembly?

4

[Rodriguez:] There's no public assembly measured from the township engineer to the parking lot. It's the park area where the walkway is.

[Counsel for Industrial:] . . . [T]he measurement you're using to establish that 200 feet, one, it includes a minimum of 34 feet on the lot going into the Wawa property.

[Rodriguez:] It does. But I'm telling you even if we went to the property line, we have no issue with the 200 foot radius.

. . . .

[Counsel for Industrial:] . . . . [I]f you just measure property line to property line, you're not at 200 feet.

[Rodriguez:] No, we're not.

. . . .

[Counsel for Industrial:] And there's a sandwich shop across there?

. . . .

[Rodriguez:] Yes.

[Counsel for Industrial:] Above there, there's apartments?

[Rodriguez:] It's beyond the 200 foot.

[Counsel for Industrial:] . . . . Did you take any specific measurements from the property line to the property line?

[Rodriguez:] No. It's from our site to the residential use, which does not exceed 200 feet.

. . . .

[Counsel for Industrial:] . . . .Would you agree with me that property line to property line is not 200 feet?

[Rodriguez:] I would have to check that. I don't have that off the top of my head.

Suppl. R.R. at 44b-47b.[2]

The Commissioners granted conditional use approval to Applicant for the gas station by decision dated November 15, 2021. The Commissioners' findings of fact and conclusions of law included a summary of Rodriguez's testimony, including his explanation that the gas station would comply with the 200-foot setback requirement in Section 395-151(I)(4) of the Ordinance. Suppl. R.R. at 136b. The Commissioners reasoned they lacked jurisdiction to grant a special exception but observed Applicant presented evidence of compliance with the special exception requirements at Section 395-151(I). *Id.* at 139b-40b. Industrial appealed to Common Pleas, which affirmed by order dated August 22, 2024. Industrial appealed to this Court.[3]

Meanwhile, Applicant applied for a special exception from the Zoning Board. As part of its application, Applicant requested a finding that the gas station would not violate the Ordinance's 200-foot setback or, alternatively, a dimensional variance regarding the setback. The Zoning Board held a special exception hearing on March 17, 2022, at which Applicant again presented Rodriguez's testimony. He testified the gas station would not violate the setback:

> [Counsel for Applicant:] . . . . So tell us how you are measuring the 200 feet.
>
> [Rodriguez:] . . . . So at this corner and at this corner and at the front corner, basically these three corners of the canopy, we took a 200-foot

---

[2] Cicconi and his counsel attended the hearing. During the public comment portion of the hearing, Cicconi's counsel explained his client owned "the adjacent preexisting nonconforming use already established by this [T]ownship, which was Russ Blake's Auto Body Shop." Suppl. R.R. at 121b. Cicconi's counsel explained he and his client were there as "observers," and he requested a copy of the "design plan or traffic flow . . . to review prior to the hearing before this board for . . . the land development plan." *Id.*

[3] Industrial's appeal was docketed at 1239 C.D. 2024.

6

radius. And this dotted line that's dark black is showing that 200-foot radius.

So as far as meeting the criteria of these public areas that can serve 50 people or more, residential use, nursing home facility, basically you can see that we're almost all within the public roadway. There's a little bit of a bike path, but this is still all paved area.

As we come around here, we're still within the street intersection.

Then as we come to this part here, we're crossing a commercial HVAC contractor business.

And then we come over here to a recreational use area.

So within the 200-foot radius measured from the canopy, we were able to show compliance . . . .

. . . .

[Counsel for Applicant:] . . . . Specifically from the bottom right, as it shows on the plan, that 200-foot radius goes a little bit into – what's the name of the park? Manor?

[Rodriguez:] Manor Field, yes.

[Counsel for Applicant:] But there's no place of assembly there. There's just some trees and some grass. There's no ball field in that area?

[Rodriguez:] No.

[Counsel for Applicant:] No other athletic uses or anywhere where people would be assembling.

[Rodriguez:] Correct.

Reproduced Record (R.R.) at 34-36. Rodriguez acknowledged measuring from the property line would result in a violation of the Ordinance because the property line is

within 200 feet of an apartment above a sandwich shop and a roller hockey rink that could be considered a place of assembly. *Id.* at 36-37, 58, 61.

Further, Industrial cross-examined Rodriguez regarding a prior residential use on Cicconi's property. Rodriguez testified the previous owner of Cicconi's property maintained a residential use there "years ago." R.R. at 63-64. Rodriguez estimated the residential use was located approximately 185 feet from the proposed gas station canopy. *Id.* at 133-34. Industrial also called Cicconi as a witness. Cicconi testified regarding the prior residential use:

> [Counsel for Industrial:] Would it be fair to say the property you owned was purchased from David Blake?
>
> [Cicconi:] No; Russell Blake.
>
> [Counsel for Industrial:] Was it the estate of David Blake?
>
> [Cicconi:] It was the estate of Russell Blake.
>
> [Counsel for Industrial:] Were you familiar with the property prior to the purchase of that property?
>
> [Cicconi:] Yes.
>
> [Counsel for Industrial:] Were you familiar with what types of uses were present on that property?
>
> [Cicconi:] Yes.
>
> [Counsel for Industrial:] And was residential use present on that property prior to purchasing that property?
>
> [Cicconi:] Yes.
>
> [Counsel for Industrial:] And how were you aware of that? How did you acquire that knowledge?
>
> [Cicconi:] Because I knew him personally and he lived there.

. . . .

[Counsel for Industrial:] . . . . Mr. Cicconi, have you made any applications to the Township with respect to continuing residential use?

[Cicconi:] Yes.

[Counsel for Industrial:] What type of applications have you made?

[Cicconi:] I applied for a Certificate [o]f Occupancy.

[Counsel for Industrial:] And is part of the basis for your Certificate [o]f Occupancy that it would be a continuing residential use?

[Cicconi:] That's correct.

. . . .

[Counsel for Industrial:] And you do wish to continue that use on the property.

[Cicconi:] Yes.

R.R. at 108-10.[4]

The Zoning Board granted a special exception by decision dated April 21, 2022. The Zoning Board reasoned the 200-foot setback should be measured from the canopy of the gas station. Suppl. R.R. at 165b. With respect to the alleged residential use on Cicconi's property, the Zoning Board found no evidence that Cicconi used the building on his property for residential purposes. *Id.* In addition, the Zoning Board concluded Applicant was entitled to a variance regarding Cicconi's property. *Id.* at 167b. The Zoning Board explained unique circumstances

---

[4] Based on testimony presented at the hearing, "[a]nd given the fact that Mr. Cicconi did not have the necessary notification for the hearing," Cicconi's counsel requested party status for his client. R.R. at 127-29. Cicconi's counsel specifically waived any claim that his lack of notice prevented him from presenting evidence at the hearing. *Id.* at 129.

9

justified granting a variance, in that the Wawa's "gasoline pumps, and therefore the canopy, could not be configured in a different way while also meeting all other criteria necessary." *Id.* The Zoning Board explained the hardship did not exist until Cicconi testified he wanted to use his property for residential purposes. *Id.*

Industrial and Cicconi appealed to Common Pleas, which affirmed by orders dated July 31, 2024, and August 22, 2024. In its subsequent opinion, Common Pleas deferred to the Zoning Board's reasoning that the Ordinance's 200-foot setback requirement should be measured from the proposed gas station canopy. R.R. at 158-59. Further, Common Pleas explained there was no evidence "concerning a current actual use" of the apartment above a nearby sandwich shop. *Id.* at 159. Regarding the nearby park, Common Pleas explained this was a recreational area, not a place of public assembly, and the 200-foot setback was meant to apply to "interior purposes," rather than "open space." *Id.* Common Pleas concluded the Zoning Board's decision to grant a variance was reasonable and supported by the record. *Id.* at 159-60.

Industrial and Cicconi appealed to this Court.[5] Cicconi contends the Wawa's gas station was subject to approval by the Commissioners as a conditional use, rather than approval by the Zoning Board as a special exception. Cicconi's Br. at 8, 11-12. Cicconi criticizes the Zoning Board's decision in this case as an improper variance of the conditional use approval. *Id.* at 5-7, 13-14. Specifically, Cicconi argues the proposed gas station will violate the Ordinance's 200-foot setback

---

[5] Industrial's appeal was docketed at 1238 C.D. 2024. While the appeals at 1238 C.D. 2024 and 1239 C.D. 2024 were pending, Kartik, LLC filed applications for relief in the form of a motion to substitute party in this Court, averring it purchased the adjacent property that had once belonged to Industrial. We granted the applications and substituted Kartik, LLC for Industrial as an appellant. On February 20, 2026, this Court consolidated the appeals at 1238 C.D. 2024 and 1239 C.D. 2024. We address those appeals in a separate decision.

requirement based on proximity to his residential use. *Id.* at 9-10. Because the gas station was subject to approval by only the Commissioners, Cicconi argues, the Zoning Board lacked jurisdiction to grant a variance regarding the 200-foot setback. *Id.* at 8-9, 13-14.

**DISCUSSION**

Common Pleas did not take additional evidence below. Thus, our review "is limited to determining whether [the Zoning Board] abused its discretion or erred as a matter of law." *Bird v. Zoning Hearing Bd. of Mun. of Bethel Park*, 320 A.3d 843, 848 n.8 (Pa. Cmwlth. 2024), *appeal denied*, 333 A.3d 303 (Pa. 2025). We will find an abuse of discretion if substantial evidence does not support the Zoning Board's findings of fact. *Id.* To the extent Cicconi's appeal requires that we interpret the Ordinance, this raises "a question of law for which our standard of review is de novo and our scope of review is plenary." *Weiler v. Stroud Twp. Zoning Hearing Bd.*, 300 A.3d 1121, 1126 (Pa. Cmwlth. 2023), *reargument denied* (Sept. 20, 2023), *appeal denied*, 318 A.3d 100 (Pa. 2024). Stated differently, this Court does not defer to decisions below and may review the entire record in reaching its determination. *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012).

In substance, Cicconi contends Section 395-43 of the Ordinance provides that a gas station is subject to approval as a conditional use and controls over the language in Section 395-151(I) that a gas station is subject to approval as a special exception. This Court has described a conditional use and special exception as essentially two variations of the same form of relief:

> A conditional use is nothing more than a special exception that falls within the jurisdiction of the municipal governing body rather than the zoning hearing board. As in the case of special exceptions, the uses that may be established or maintained as conditional uses are prescribed by the zoning ordinance and the standards to be applied to the grant or

11

denial of those uses are set forth in the zoning ordinance. A special exception (or conditional use) is not an exception to the zoning ordinance, but rather a use to which the applicant is entitled provided the specific standards enumerated in the ordinance for the special exception (or conditional use) are met by the applicant.

Because the law regarding conditional uses and special exceptions is virtually identical, the burden of proof is the same for both. In order to demonstrate that the applicant is entitled to the conditional use, the applicant initially bears the burden of establishing that the application complies with the objective standards and criteria of the particular ordinance. If the applicant is able to satisfy this burden, the application must be granted, unless the protestors to such an application have presented sufficient evidence that such a use would pose a substantial threat to the community.

*In re: AMA/Am. Mktg. Ass'n, Inc.*, 142 A.3d 923, 934 (Pa. Cmwlth. 2016) (citations and quotation marks omitted).

The plain language of the Ordinance contradicts Cicconi's position, however, because it provides that a gasoline service station is permissible in the C-2 District as a conditional use "**subject to**" Section 395-151(I). Section 395-43 of the Ordinance (emphasis added). Section 395-151(I) in turn provides that a gasoline service station is permissible in the C-2 District as a special exception. Thus, the plain language of the Ordinance requires **both forms of approval**. "Where the words in an ordinance are free from all ambiguity, the letter of the ordinance may not be disregarded under the pretext of pursuing its spirit." *Bailey v. Zoning Bd. of Adjustment of the City of Phila.*, 801 A.2d 492, 502 (Pa. 2002).

Cicconi's claim that the Zoning Board improperly granted a variance does not require that we reach a different result. As best we can discern, Cicconi's position is that the Commissioners conditioned their approval of the gas station on Applicant's strict compliance with the Ordinance, including the 200-foot setback, and the Zoning Board could not alter the Commissioners' approval by granting a variance. Contrary

to this claim, the Commissioners conditioned their approval on compliance with the Ordinance and with "**any Zoning Board Decisions relating to the development of the subject [P]roperty**." Suppl. R.R. at 147b (emphasis added). This indicates the Commissioners contemplated further involvement by the Zoning Board.

As a final matter, we observe there is no evidence in the record of a residential use on Cicconi's property that requires a variance or otherwise establishes a violation of the Ordinance. Rodriguez and Cicconi testified there was a residential use on the property "years ago" by a prior owner of the property. R.R. at 63-64, 108-10. There was no indication the property was being used for residential purposes at the time of the hearing before the Zoning Board or any confirmation that Cicconi would use the property for residential purposes in the future.[6] The Ordinance's 200-foot setback applies, by its plain terms, to "residential use," not a past or hypothetical future use. *See* Section 395-151(I)(4) of the Ordinance.

## CONCLUSION

Therefore, we affirm Common Pleas' August 22, 2024 order, which affirmed the Zoning Board.

_____
STACY WALLACE, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[6] Counsel for Industrial and Counsel for Cicconi indicated during argument before Common Pleas that Cicconi received approval to maintain a residence on his property. We emphasize Common Pleas took no additional evidence, and these were merely statements by counsel rather than sworn testimony. *See Dep't of Transp., Bureau of Driver Licensing v. Kappas*, 621 A.2d 1204, 1207 (Pa. Cmwlth. 1993) ("Statements made by a party's counsel do not constitute evidence.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis R. Cicconi, Jr.,        :
                  Appellant    :
                                 :
       v.                       : No. 1206 C.D. 2024
                                 :
Tinicum Township Zoning Hearing     :
Board and 500 Wanamaker Avenue    :
Partners, LLC                           :

## **O R D E R**

     **AND NOW**, this 9th day of April 2026, the order dated August 22, 2024, by the Court of Common Pleas of Delaware County, is **AFFIRMED**.

                         _____

                         STACY WALLACE, Judge